UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMA CAMP, LLC,

     Plaintiff,

v.

SAMA TEA, LLC; SAMA
WORLDWIDE INC.; SAMA
BEVERAGES, LLC; and 100.CO,

     Defendants.

CIVIL ACTION NO. _____

## **COMPLAINT**

Plaintiff Sama Camp, LLC ("Sama Camp" or "Plaintiff"), for its Complaint against Defendants Sama Tea, LLC; Sama Worldwide Inc.; Sama Beverages, LLC; and 100.co, (collectively, "Defendants") states as follows:

## **NATURE OF THE ACTION**

1.    This is an action for trademark infringement, unfair competition and false designation of origin arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"), and under the common law of the State of Georgia.

2.    In the highly competitive and extraordinarily challenging restaurant and prepared food industries, Sama Camp has successfully developed a strong

reputation for the high quality of its various products, including its unique blends of tea.

3.      For nearly five years, Sama Camp has offered a variety of products and services under its distinctive SAMA® brand and developed a loyal and enthusiastic consumer base.

4.      Among Sama Camp's products are a variety of proprietary tea blends, which are sold on premises at Sama Camp's physical location, as well as sold via direct-to-consumer orders through its website as shown below:



5.      In October 2017, Sama Camp obtained a federal registration for the mark SAMA® with the United States Patent Office, covering its full suite of goods and services.

6.      Sama Camp or its predecessor or successor in interest has made longstanding, continuous and, until the Defendants' conduct giving rise to this action, exclusive use of the SAMA® mark, which consumers have come to associate with Sama Camp, and which Sama Camp has dedicated significant resources to protect.

7.      Despite Sama Camp's prior rights in the SAMA® mark, Sama Camp became aware that Defendants are producing, marketing, selling, and distributing to consumers, under the identical "Sama" name, products that are identical to certain products produced under Sama Camp's SAMA® mark (the "infringing goods").

8.      Defendants have made repeated, blatant, far-reaching, and expensive efforts to market the infringing goods in the United States, in plain violation of Sama Camp's senior rights, including but not limited to using "Sama" as a stand-alone in the same manner Sama Camp has used and continues to use its SAMA® mark.

9.      Defendants' infringing goods are likely to cause, and in fact have caused, confusion among the trade and consuming public as to the source or origin of the infringing goods, thereby causing ongoing irreparable harm to Sama Camp.

3

## THE PARTIES

10.     Sama Camp is a limited liability company organized and existing under the laws of the State of Georgia, having its principal place of business at 872 Argonne Avenue, Atlanta, Georgia 30309.

11.     On information and belief, Defendant Sama Tea, LLC is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 404 14th Street, San Diego, California 92101.

12.     On information and belief, Defendant Sama Tea, LLC manufactures, distributes, markets, and sells the infringing goods, or causes the infringing goods to be manufactured, distributed, marketed, and sold.

13.     On information and belief, Defendant Sama Worldwide Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 382 NE 191st Street, Miami, Florida 33179.

14.     On information and belief, Defendant Sama Worldwide Inc. manufactures, distributes, markets, and sells the infringing goods, or causes the infringing goods to be manufactured, distributed, marketed, and sold.

15.     On information and belief, Defendant Sama Beverages, LLC is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 4420 N Bay Road, Miami Beach,

Florida 33140.

16.    On information and belief, Defendant Sama Beverages, LLC manufactures, distributes, markets, and sells the infringing goods, or causes the infringing goods to be manufactured, distributed, marketed, and sold.

17.    On information and belief, Defendant 100.co is a Florida company having its principal place of business at 382 NE 191st Street, Miami, Florida 33179.

18.    On information and belief, Defendant 100.co exercises control over the other Defendants' commercial activities and/or causes the infringing goods to be manufactured, distributed, marketed, and sold.

## JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction over this Complaint by virtue of 28 U.S.C. §§1331 and 1338, and under its supplemental jurisdiction of 28 U.S.C. §1367, the Counts of which concern acts of trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §1125(a), and trademark infringement and unfair competition under the laws of the State of Georgia.

20.    The Court has supplemental jurisdiction over the claims arising under the laws of the State of Georgia, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal subject-matter claims that they form part of

the same case or controversy and derive from a common nucleus of operative fact.

21.     This court has personal jurisdiction over Defendants because Defendants have deliberately and intentionally marketed, sold, and shipped, or caused to be marketed, sold, and shipped, the infringing goods to consumers within the State of Georgia.

22.     Venue is proper in this Court under 28 U.S.C. § 1391 in that Defendants are subject to personal jurisdiction in this judicial district, and that a substantial part of the events giving rise to this action occurred in this judicial district.

23.     Defendants have deliberately and intentionally shipped or caused to be shipped the infringing goods to this judicial district.

## STATEMENT OF FACTS

24.     Since 2017, Sama Camp (or its predecessor or successor in interest) has designed, produced, and provided for sale unique and distinctive goods and services under its SAMA® brand.

25.     Among these products is Sama Camp's SAMA® branded teas and health cleansing products, which Sama Camp has produced and marketed under the SAMA® mark since at least as early as 2017.

26.     True and accurate images of the SAMA® branded products are attached hereto as **Exhibit A**.

6

27.     Sama Camp or its predecessor or successor in interest, over a period of nearly half a decade, has spent extraordinary time, effort, and money, and absorbed commercial risk, in the course of developing its brand and line of products. As a result of these efforts, Sama Camp enjoys a substantial and loyal customer following, who associate the SAMA® brand with Sama Camp and its high-quality products and services.

28.     Same Camp has an active social media presence with which it interacts with its customers across the United States.

29.     True and accurate examples of Sama Camp's social media presence and performance among the relevant consuming public are attached hereto as **Exhibit B**.

30.     Consequently, the SAMA® mark is distinctive and enjoys a highly favorable reputation among the members of the trade and the consuming public and has become a valuable symbol of Sama Camp's goodwill.

**Sama Camp's Federal Trademark Registrations**

31.     On July 20, 2016, Sama Camp filed U.S. Application Serial No. 87/110,918, on an intent-to-use basis, to register the SAMA® mark in standard characters with the United States Patent and Trademark Office ("USPTO").

32.     On August 11, 2017, Sama Camp submitted its statement of use of the

SAMA® mark, which the USPTO accepted on September 27, 2017.

33. On October 31, 2017, the SAMA® mark was registered by the USPTO on the Principal Register and accorded Registration No. 5,325,040 covering the use of the SAMA® mark for the following goods and services:

> Class 3: non-medicated skin care preparations, namely, organic and herbal facial cleansers, skin cleansers, bath oils and bath salts, skin peels, face and body moisturizers, body scrubs, skin calming lotions, facial serums
>
> Class 5: herbal supplements, nutritional supplements
>
> Class 29: hummus chick pea paste
>
> Class 30: salad dressings, tea
>
> Class 32: fruit juices, vegetable-fruit juices
>
> Class 43: food preparation services, restaurant services
>
> Class 44: health spa services for health and wellness of the body and spirit, wellness and health-related consulting services

A true and correct copy of the Certificate of Registration for the SAMA® mark is attached hereto as **Exhibit C**.

34. The SAMA® mark is inherently distinctive and thus entitled to the highest degree of protection under the law.

35.     Sama Camp's SAMA® Registration is *prima facie* evidence of its validity of the SAMA® mark and conclusive evidence of Sama Camp's exclusive right to use the mark in commerce in connection with the goods and services covered by the SAMA® Registration. The SAMA® Registration also constitutes constructive notice to Defendants of Sama Camp's ownership and exclusive rights in the SAMA® mark. Further, Sama Camp's SAMA® mark is valid, subsisting, unrevoked, and uncancelled.

**Defendants' Infringing Acts**

36.     Sama Camp became aware that Defendants are producing, marketing, offering for sale, and selling, under the materially identical name "Sama Tea" in connection with a line of tea products and blends (the "infringing goods").

37.     Defendants market and sell the infringing goods through, among other channels, social media channels the same as those used by Sama Camp.

38.     On information and belief, Defendants have spent hundreds of thousands of dollars marketing the infringing goods bearing the SAMA® mark in the United States.

39.     On information and belief, Defendants deliberately intend to push Sama Camp out of the market by flooding the market with advertising.

40.     The infringing goods manifestly copy the distinctive elements of Sama

Camp's SAMA® branded goods, including by associating the word SAMA with tea directly, and by using materially similar design elements.

41.   True and correct copies of social media posts in which Defendants market and sell the infringing goods are attached hereto as **Exhibit D**.

42.   Defendants are not, and have never been, affiliated with, sponsored, or licensed by Sama Camp to use the SAMA® mark in connection with products identical to the genuine SAMA® branded products.

43.   Defendants have never obtained permission to use or license the SAMA® mark, or any other marks or designs confusingly similar thereto, for use on or in connection with any goods or services, including on the infringing goods.

44.   Sama Camp has corresponded with Defendants or their counsel on several occasions to demand that Defendants immediately cease all marketing and sales of the infringing goods.

45.   Defendants are aware of Sama Camp's notifications as to Defendant's use of the SAMA® mark and Sama Camp's business, as Defendants' counsel has responded to Sama Camp's communications. Nonetheless, Defendants have failed and refused to cease their unlawful actions.

46.   Notwithstanding Defendants' awareness of Sama Camp's rights in the SAMA® mark and Sama Camp's business, Defendant Sama Tea, LLC filed U.S.

Trademark Application Serial No. 90/016,315 to register the mark SAMA in standard characters for "tea, beverages made of tea" in international class 30.

47.     Defendants' application to register SAMA was refused due to the USPTO's recognition of Sama Camp's senior rights in the SAMA® mark.

48.     Notwithstanding Defendants' awareness of Sama Camp's rights in the SAMA® mark and Sama Camp's business, as well as the USPTO's determination of a likelihood of confusion between Defendants' proposed SAMA mark and the SAMA® mark, Defendants filed a petition to cancel the SAMA® Registration before the USPTO's Trademark Trial & Appeal Board ("TTAB") on the basis of non-use.

49.     That petition is the subject of TTAB Cancellation No. 92077032 (the "Cancellation Proceeding").

50.     Prior to filing the Cancellation Proceeding, Defendant Sama Tea, LLC and its counsel knew or should have known that the SAMA® mark underlying the SAMA® Registration was in use.

51.     Sama Camp has, concurrent with filing this action, moved to suspend the Cancellation Proceeding.

52.     By using the SAMA® mark in connection with their competing and infringing goods, Defendants seek to confuse and deceive the trade and the

consuming public as to the source or origin of the infringing goods and the genuine SAMA® branded Sama Camp products.

53.     On information and belief, trademark searching performed by Defendants or their agents disclosed the existence of Sama Camp prior to Defendants' adoption of the name "Sama Tea."

54.     Defendants intended to copy Sama Camp's SAMA® mark when they adopted the name "Sama Tea."

55.     Defendants culpably disregarded the risk of reverse confusion to the public.

56.     On information and belief, Defendants therefore knowingly, willfully, intentionally, and maliciously adopted and used the confusingly similar "Sama Tea" name for marketing and selling the infringing goods, knowing that such use would mislead, deceive, and generate reverse confusion among the consuming public.

**The Harm to Sama Camp as a Result of Defendants' Unlawful Conduct**

57.     Both Sama Camp and Defendants provide identical products to identical consumers, namely, tea products to consumers interested in health and wellness considerations when purchasing consumable goods.

58.     Upon information and belief, Defendants have intentionally and willfully directed their advertising, promotional and sales efforts at the same classes

12

of consumers as those to whom Sama Camp caters in an effort to capitalize on Sama Camp's commercial goodwill and also to push Sama Camp out of the market. Defendants have intentionally flooded the market with advertising they know Sama Camp cannot reasonably counter to a degree sufficient to avoid confusion and preserve its hard-won reputation for quality.

59.   Further, upon information and belief, Defendants have engaged in such conduct with the knowledge that the SAMA® mark is valid and subsisting, is in use by Sama Camp, and possesses substantial commercial goodwill.

60.   Defendants' infringing goods are closely similar, if not virtually identical, to the products Sama Camp offers under the SAMA® mark. Thus, Defendants' use of the mark SAMA and the "Sama Tea" name is likely to be confusing to a substantial number of actual and potential customers, and is likely to cause them to be deceived and to erroneously assume that the parties' respective goods are in some way connected with one another.

61.   Given Defendants' cavalier attitude toward intellectual property infringement and Sama Camp's manifestly superior rights in the SAMA® mark, Defendants put at risk and damage Sama Camp's reputation, goodwill, and ability to market and promote its goods and services.

62.   Defendants' unauthorized use of the confusingly similar "Sama Tea"

name has injured Sama Camp's interests and will continue to do so unless immediately enjoined. Specifically, Defendants have (a) deliberately attempted to push Sama Camp out of the market by flooding the market in a manner against which Sama Camp cannot defend; (b) damaged and threaten to damage Sama Camp's rights and valuable goodwill in the SAMA® mark; and (c) injured and threaten to injure Sama Camp's right to use and license the SAMA® mark as the exclusive indicia of origin of Sama Camp's goods and services, including but not limited to through filing a knowingly false petition to cancel before the TTAB.

63.     All conditions precedent to the filing of this action have occurred or have been waived or excused.

64.     As a result of the wrongful conduct by Defendants alleged herein, Sama Camp has been forced to engage its counsel of record to enforce its rights in connection with the trademarks at issue. Its counsel is accordingly entitled to its reasonable attorneys' fees and costs in connection with these legal services.

## COUNT I
### Federal Trademark Infringement – SAMA® Mark
### (Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))

65.     Sama Camp repeats and realleges the allegations in Paragraphs 1 through 64 above as if fully set forth herein.

66.     The SAMA® Registration is valid and subsisting, and is *prima facie*

evidence of the validity of the SAMA® mark, of Sama Camp's ownership of the SAMA® mark, and of Sama Camp's exclusive right to use the SAMA® mark for the goods and services enumerated in the SAMA® Registration, including but not limited to tea. By virtue of the SAMA® Registration, the SAMA® mark is entitled to protection under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

67.    Defendant's use of the confusingly similar "Sama Tea" name for competing tea products is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' goods.

68.    Defendants' adoption and use of the confusingly similar "Sama Tea" name and attempt to register the identical mark SAMA for competing tea products was intentional and was for the purpose of misleading the trade and the consuming public. These willful actions violate Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

69.    As a result of Defendants' infringement, as described above, the trade and the consuming public are likely to be confused and deceived as to the source, sponsorship, affiliation or approval of the parties' respective goods.

70.    Sama Camp has been damaged by the aforementioned acts in an amount to be determined at trial. Defendants' adoption and use of the "Sama Tea" name and attempt to register the identical mark SAMA for competing tea products is

confusingly similar to Sama Camp's SAMA® mark and was undertaken by Defendants intentionally, maliciously, and in bad faith. Therefore, Sama Camp is entitled to recover from Defendants treble damages and attorneys' fees.

71.   In addition, Defendants' conduct, if it continues, will result in irreparable harm to Sama Camp and, specifically, to the goodwill associated with the SAMA® mark, unless such conduct is enjoined.

## COUNT II
### False Designation of Origin
### (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

72.   Sama Camp repeats and realleges the allegations in Paragraphs 1 through 64 above as if fully set forth herein.

73.   Through the long-standing, continuous, and exclusive use of the SAMA® mark in commerce, the relevant trade and consuming public has come to identify the SAMA® mark and the goods and services offered under it as originating with Sama Camp.

74.   Sama Camp has built a valuable business in its use of the SAMA® mark, and the goodwill associated with Sama Camp, is of great value to Sama Camp.

75.   Sama Camp or its predecessor or successor in interest has continuously used the SAMA® mark in commerce to market, sell, and distribute its goods and services since at least 2017.

76.     Defendants' conduct as described herein constitutes use of a false designation of origin and/or a false or misleading description or representation of fact on or in connection with his goods which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of the parties, and/or as to the origin, sponsorship or approval of their respective goods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants' conduct as described herein also constitutes an attempt to arrogate to itself the substantial goodwill that Sama Camp has developed in the SAMA® mark, all to the damage of Sama Camp.

77.     Defendants' use in commerce of designations which are confusingly similar to the SAMA® mark, despite having actual and constructive notice of Sama Camp's prior rights in and to the SAMA® mark, constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about their goods and commercial activities.

78.     Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Sama Camp.

## COUNT III
## Common Law Trademark Infringement Under Georgia Law

79.     Sama Camp repeats and realleges the allegations in Paragraphs 1 through 64 as if fully set forth herein.

17

80.    Through the long-standing, continuous, and exclusive use of the SAMA® mark in commerce, the relevant trade and consuming public have come to understand the SAMA® mark as identifying Sama Camp and indicating the source of origin of the SAMA® products and services as coming from Sama Camp.

81.    Sama Camp has built a valuable business in its use of the SAMA® mark, and the goodwill associated with Sama Camp is of great value to Sama Camp. The SAMA® mark has  come to indicate to the trade and the consuming public that the particular products and services bearing the SAMA® mark originate from Sama Camp.

82.    Sama Camp or its predecessor or successor in interest has exclusively used the SAMA® mark in commerce to market, sell, and distribute its products since at least 2017.

83.    Defendants have used, and are continuing to use, designations that are confusingly similar and/or virtually identical to Sama Camp's SAMA® mark in interstate commerce and within the State of Georgia in connection with products identical to those offered under the SAMA® mark.

84.    Defendants' unauthorized use of the infringing goods is likely to cause confusion in the marketplace between the parties' respective products and services.

85.    Defendants' infringement of Sama Camp's SAMA® mark is in willful

and wanton disregard of Sama Camp's rights in and to the same, and without the consent of Sama Camp.

## COUNT IV
### Attorneys' Fees Under Georgia Law
### (O.C.G.A. § 13-6-11)

86.     Sama Camp repeats and realleges the allegations in Paragraphs 1 through 64 as if fully set forth herein.

87.     Under Georgia law, a jury may allow an award of attorney's fees if the party seeking the award has specially pleaded such an award and the party from whom attorney's fees are sought has acted in bad faith, been stubbornly litigious, or caused unnecessary trouble and expense. O.C.G.A. § 13-6-11.

88.     Defendants knew or should have known that Sama Camp owns the SAMA® mark and is using it in connection with tea products in interstate commerce.

89.     Defendants knew or should have known that their use of the "Sama" name in connection with their marketing and sale of tea products would be actually confusing or likely to confuse the consuming public as to the origin of their products.

90.     Accordingly, Defendants knew or should have known that their use of the "Sama" name in the manner described would constitute infringement of Sama Camp's SAMA® mark in violation of the Lanham Act and Georgia law.

91.     Nevertheless, Defendants launched an unjustified cancellation

proceeding before the USPTO's Trademark Trial and Appeal Board and continue to market and sell products identical or nearly identical to Sama Camp's under the infringing "Sama" name.

92.    Sama Camp has been forced to hire legal counsel and incur substantial and unnecessary attorney's fees and costs as a result of Defendants' bad faith and stubbornly litigious conduct set forth above.

93.    Thus, Sama Camp is entitled to an award of attorneys' fees under O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sama Camp, LLC prays for relief against each Defendant as follows:

A.    That Defendants and their agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns or any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(1)    using the "Sama Tea" name or SAMA mark, or any other reproduction, counterfeit, copy, confusingly similar variant, or colorable imitation of the SAMA® mark;

(2)    making, distributing, advertising, marketing, offering for sale, or

selling the infringing goods;

(3)    using the SAMA® mark, or any reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' goods or services are connected with Sama Camp or are genuine Sama Camp-licensed products or services;

(4)    committing any other acts that may cause the purchasing public to believe that Defendants' goods and services are genuinely licensed by Sama Camp or otherwise provided for the benefit of Sama Camp;

(5)    shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of any materials falsely bearing the "Sama Tea" name or SAMA mark, the infringing goods, or any other reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the SAMA® mark; and

(6)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) through (5).

B.    That Defendants and any and all persons controlled by or acting in concert with them be required to deliver to Sama Camp for destruction all goods, packages, and any other written or printed materials, in tangible or intangible form,

21

that bear or depict the "Sama Tea" name or SAMA mark, the infringing goods, or any other reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the SAMA® mark.

C.     That Defendants be required to account for and pay to Sama Tea Defendants' profits from sales of the infringing goods and any other product incorporating, copying, or imitating the Sama Camp products or services or sold under the "Sama Tea" name or SAMA mark, and such sum in addition thereto as the Court shall find just.

D.     That this case be found exceptional, and Sama Camp be awarded its attorneys' fees pursuant to 15 U.S.C. § 1117(a) and/or other applicable law.

E.     That Sama Camp recover the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Sama Camp, as provided in 15 U.S.C. § 1117(b) and/or other applicable law.

F.     That Defendants be required to disgorge their profits and other ill-gotten gains pursuant to 15 U.S.C. § 1117(a) and other applicable law.

G.     That Sama Camp have and recover the taxable costs of this civil action, including reasonable attorneys' fees, costs, and interest.

H.     That Sama Camp be awarded punitive or exemplary damages in view of Defendants' reckless, willful, wanton acts committed with conscious disregard

for the rights of Sama Camp.

I.       That Sama Camp have such other general and further relief as this Court

deems just and proper.

## JURY DEMAND

Sama Camp hereby demands a trial by jury as to all issues so triable.

Respectfully submitted this 1st day of May 2022,

> **SPERRY IP LAW d/b/a VIVID IP**
> /Tayah L. Woodard/
> Marcy L. Sperry
> marcy@vividip.com
> Tayah L. Woodard
> tayah@vividip.com
> 3017 Bolling Way, NE
> Atlanta, Georgia 30305
> (404) 474-1600
>
> **BEKIARES ELIEZER, LLP**
> Zachary Eyster
> 2870 Peachtree Rd. #512
> Atlanta GA 30305
> zeyster@founderslegal.com
> Telephone: 404.537.3686
>
> *Attorneys for Plaintiff Sama Camp, LLC*