## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **SAMA CAMP, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **FILE NO.:  1:22-cv-1722-TCB** |
| | ) | |
| **SAMA TEA, LLC; SAMA** | ) | |
| **WORLDWIDE, INC.;** | ) | |
| **SAMA BEVERAGES, LLC;** | ) | |
| **100.CO; JAY SHETTY; RADHI** | ) | |
| **DEVLUKIA SHETTY, KIM** | ) | |
| **PERELL; and JAMES BRENNAN** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT KIM PERELL'S ANSWER AND
### DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Kim Perell ("**Defendant**") hereby files her Answer and Defenses

to Plaintiff's Amended Complaint (this "**Answer**"), respectfully showing the Court

as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can

be granted.

### SECOND DEFENSE

The Court lacks personal jurisdiction over this Defendant.

## THIRD DEFENSE

Venue over this Defendant is improper in this Court.

## FOURTH DEFENSE

The Plaintiff's Amended Complaint is barred by the following doctrines:

A.   Abandonment of the subject mark;

B.   Estoppel based on, among other things, Plaintiff's abandonment of the Sama mark;

C.   Upon information and belief, Fraud, as more particularly stated in the Answer and Counterclaim of Sama Worldwide, Inc. and based on the fact that Plaintiff falsely represented to the United States Patent and Trademark its intent to use the mark in connection with all of the good and classifications set forth in its trademark application;

D.   Laches based on, among other things, Plaintiff's abandonment of the Sama mark;

E.   Mistake based on, among other things, Plaintiff's abandonment of the Sama mark;

F.   Upon information and belief, unclean hands based on, among other things, Plaintiff's abandonment of the Sama mark and its false representations to secure registration of the Sama mark; and

G.      Waiver based on Plaintiff's abandonment of the Sama mark.

## FIFTH DEFENSE

As for her Fifth Defense, Defendant states upon information and belief, that Plaintiff's claim is barred due to its failure to join one or more indispensable parties pursuant to Fed. R. Civ. P. 19.

## SIXTH DEFENSE

As for her Sixth Defense, Defendant gives notice that she intends to rely upon and invoke any other Affirmative Defense that may become available to appear during the discovery proceedings in this case and reserve her right to seek to amend her Answer to assert any such defense.

## SEVENTH DEFENSE

As her Seventh Defense, Defendant responds to the individually numbered paragraphs of the Plaintiff's Amended Complaint as follows:

## NATURE OF THE ACTION

1.

Defendant admits that Plaintiff contends that Defendants have violated the Lanham Act and the common law of the State of Georgia, but Defendant denies violating any law.

2.

Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.

Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4.

Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5.

Without admitting to the validity or sufficiency of such registration, Defendant admits that in October 2017, Sama Camp obtained a federal registration for the mark SAMA with the United States Patent Office. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of Plaintiff's Amended Complaint such that they are denied.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

## THE PARTIES

10.

Defendant admits Sama Camp is a limited liability company registered in the State of Georgia. The remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint are denied as stated.

11.

The allegations contained in Paragraph 11 of Plaintiff's Amended Complaint are not directed to this Defendant, and thus, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12.

The allegations contained in Paragraph 12 of Plaintiff's Amended Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13.

The allegations contained in Paragraph 13 of Plaintiff's Amended Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14.

The allegations contained in Paragraph 14 of Plaintiff's Amended Complaint are not directed to this Defendant, and thus, no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15.

The allegations contained in Paragraph 15 of Plaintiff's Amended Complaint are not directed to this Defendant, and thus, no response is required. To the extent

a response is required, Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16.

The allegations contained in Paragraph 16 of Plaintiff's Amended Complaint are not directed to this Defendant, and thus, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17.

The allegations contained in Paragraph 17 of Plaintiff's Amended Complaint are not directed to this Defendant, and thus, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18.

The allegations contained in Paragraph 18 of Plaintiff's Amended Complaint are not directed to this Defendant, and thus, no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19.

The allegations contained in Paragraph 19 of Plaintiff's Amended Complaint are not directed to this Defendant, and thus, no response is required.  To the extent a response is required, Defendant admits upon information and belief that Jay Shetty is a resident of Los Angeles, California. Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20.

The allegations contained in Paragraph 20 of Plaintiff's Amended Complaint are not directed to this Defendant, and thus, no response is required.  To the extent a response is required, Defendant admits upon information and belief that Radhi Shetty is a resident of Los Angeles, California. Defendant denies the remaining allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21.

Defendant admits that she is a resident of Miami, Florida, but Defendant denies the remaining allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22.

The allegations contained in Paragraph 22 of Plaintiff's Amended Complaint are not directed to this Defendant, and thus, no response is required.  To the extent

a response is required, Defendant admits upon information and belief that James Brennan is a resident of Miami, Florida. Defendant denies the remaining allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

23.

Defendant admits this Court has subject matter jurisdiction over Plaintiff's Amended Complaint by virtue of 28 U.S.C. §§ 1331 and 1338, and under its supplemental jurisdiction of 28 U.S.C. §1367, for the Counts that fall under the Lanham Act, 15 U.S.C. § 1124(a). The remaining allegations contained in Paragraph 23 of Plaintiff's Amended Complaint are denied as stated.

24.

Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

## **STATEMENT OF FACTS**

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30.

Paragraph 30 of Plaintiff's Amended Complaint does not contain allegations of fact that are susceptible of being admitted or denied, which therefore stand denied by operation of law.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiff's Amended Complaint such that they are denied.

33.

Paragraph 33 of Plaintiff's Amended Complaint does not contain allegations of fact that are susceptible of being admitted or denied, which therefore stand denied by operation of law.

34.

Defendant denies the allegations in Paragraph 34 of Plaintiff's Amended Complaint.

**<u>Sama Camp's Federal Trademark Registrations</u>**

35.

Defendant admits the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36.

Defendant admits the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37.

Defendant states that the referenced USPTO registration as **Exhibit C** is a legal document which speaks for itself. As such, Defendant, without admitting to the validity or enforceability of the registration, admits that **Exhibit C** appears to be an accurate depiction of the registration but denies the remaining allegations contained in Paragraph 37 of Plaintiff's Amended Complaint to the extent that they conflict with the substance of **Exhibit C**.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

## **Defendants' Alleged Infringing Acts**

40.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of Plaintiff's Amended Complaint such that they are denied.

41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43.

Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45.

Defendant admits Exhibit D appears to be a screenshot of a portion of Defendant's Instagram social media profile from an unknown date and time. Defendant denies the remaining allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46.

Defendant admits she has never been affiliated with, sponsored, or licensed by Sama Camp, LLC in any form. Defendant denies the remaining allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.

47.

Defendant admits that she did not receive permission from Plaintiff, but denies the remaining allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48.

Defendant denies as stated the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49.

Defendant denies as stated the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint.

50.

Defendant admits Defendant Sama Worldwide, Inc. is the owner of U.S. Trademark Application Serial No. 90/016,315 filed on June 23, 2020, for the mark SAMA in connection with "Tea; Beverages made of tea" in International Class 30.

Defendant denies the remaining allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

51.

Defendant admits the USPTO rejected the U.S. Trademark Application Serial No. 90/016,315 filed on June 23, 2020, for the mark SAMA in connection with "Tea; Beverages made of tea" in International Class 30. Defendant denies the remaining allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

52.

Defendant admits Defendant Sama Worldwide, Inc. f/k/a Sama Tea, LLC filed a Petition for Cancellation of Registration of U.S. Registration No. 5,325,040 on April 29, 2021, on the basis of abandonment and non-use of the mark amongst other things. Defendant denies the remaining allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.

53.

Defendant states that the referenced Petition for Cancellation No. 92077023 is a legal document which speaks for itself. As such, Defendant admits the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

55.

Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56.

Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

57.

The allegations contained in Paragraph 57 of Plaintiff's Amended Complaint are denied as stated.

58.

Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

59.

Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.

60.

Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

## **The Alleged Harm to Sama Camp as a Result**

## **of Defendants' Alleged Unlawful Conduct**

61.

Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.

62.

Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

63.

Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint.

64.

Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65.

Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66.

Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of Plaintiff's Amended Complaint such that they are denied.

68.

Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

## COUNT I

**Federal Trademark Infringement – SAMA ®Mark
(Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))**

69.

Defendant repleads and incorporates by reference the foregoing paragraphs of this Answer as if fully restated herein.

70.

Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

71.

Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72.

Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73.

Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

74.

Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint.

75.

Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint.

## COUNT II

### False Designation of Origin
### (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

76.

Defendant repleads and incorporates by reference the foregoing paragraphs of this Answer as if fully restated herein.

77.

Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Amended Complaint.

78.

Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.

79.

Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint.

80.

Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.

81.

Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint.

82.

Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.

## COUNT III

### Common Law Trademark Infringement Under Georgia Law

83.

Defendant repleads and incorporates by reference the foregoing paragraphs of this Answer as if fully restated herein.

84.

Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint.

85.

Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint.

86.

Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Amended Complaint.

87.

Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Amended Complaint.

88.

Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint.

89.

Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint.

## **COUNT IV**

### **Unjust Enrichment Under Georgia Law**

90.

Defendant repleads and incorporates by reference the foregoing paragraphs of this Answer as if fully restated herein.

91.

Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Amended Complaint.

92.

Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint.

93.

Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Amended Complaint.

## COUNT V

### Attorneys' Fees Under Georgia Law
### (O.C.G.A. § 13-6-11)

94.

Defendant repleads and incorporates by reference the foregoing paragraphs of this Answer as if fully restated herein.

95.

The allegations in Paragraph 95 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph as stated.

-23-

96.

Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Amended Complaint.

97.

Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Amended Complaint.

98.

Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Amended Complaint.

99.

Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Amended Complaint.

100.

Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint.

101.

Defendant denies the allegations contained in Paragraph 101 of Plaintiff's Amended Complaint.

## **ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF**

102.

In response to the unnumbered Paragraph following Paragraph 101 of Plaintiff's Amended Complaint beginning with the word "WHEREFORE," Defendant denies that she is liable to Plaintiff and that Plaintiff is entitled to any of the relief sought, including but not limited to, the relief sought in Paragraphs A – K, inclusive of subparts, of the Plaintiff's Prayer for Relief.

103.

## **GENERAL DENIAL**

Responding to each and every claim in Plaintiff's Amended Complaint, Defendant denies that she is liable to Plaintiff in any way, either in law or equity. To the extent any paragraph, sentence, sub-paragraph, statement, or allegation in Plaintiff's Amended Complaint is neither expressly admitted nor denied by the foregoing responsive answers and defenses, the same is hereby specifically denied. Furthermore, Defendant specifically denies that Plaintiff is entitled to any of the relief sought. Defendant requests a jury trial on all issues so triable.

**WHEREFORE**, having fully responded to the Complaint, Defendant prays that the Court:

A.      dismiss the Plaintiff's Amended Complaint with prejudice;

B.      cast all costs against the Plaintiff;

C.      that, to the extent that the Court determines that the Plaintiff has failed to state legally viable claims, the Court award the Defendant her attorneys' fees and expenses of litigation pursuant to the Lanham Act and the Court's inherent powers; and

D.      award Defendant such other and further relief as this Court deems just and necessary.

Respectfully submitted this 21st day of July, 2022.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ William C. Buhay*
William C. Buhay
Georgia Bar No. 093940
Briana A. Burrows
Georgia Bar No. 915353

3344 Peachtree Rd., NE
Suite 2400
Atlanta, Georgia 30326
Ph:  404-876-2700
wbuhay@wwhgd.com
bburrows@wwhgd.com

*Attorneys for Defendant Kim Perell*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D. (N.D. Ga.) in that it is composed in 14-point Times New Roman font.

This 21st day of July, 2021.

<u>/s/ William C. Buhay</u>
William C. Buhay
Georgia Bar No. 093940

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following counsel of record:

Marcy L. Sperry
Tayah L. Woodard
SPERRY IP LAW d/b/a VIVID IP
3017 Bolling Way, NE
Atlanta, Georgia 30305
tayah@vividip.com
marcy@vividip.com

*Attorneys for Plaintiff*

Zachary Eyster
BEKIARES ELIEZER, LLP
2870 Peachtree Rd., #512
Atlanta GA 30305
zeyster@founderslegal.com

*Attorneys for Plaintiff*

This 21st day of July, 2022.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ William C. Buhay*
William C. Buhay
Georgia Bar No. 093940

*Attorneys for Defendant Kim Perell*