UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMA CAMP, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>SAMA TEA, LLC; SAMA WORLDWIDE INC.; SAMA BEVERAGES, LLC; 100.CO; JAY SHETTY; RADHI DEVLUKIA SHETTY; KIM PERELL; and JAMES BRENNAN,<br><br>     Defendants. | CIVIL ACTION NO. 1:22-cv-01722-TCB |

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS COUNTERCLAIM

This action arises from Defendants' infringement of Plaintiff Sama Camp, LLC's ("Plaintiff") federally registered trademark. In response to Plaintiff's infringement allegations, Defendants Sama Tea, LLC; Sama Worldwide Inc.; and Sama Beverages, LLC (the "Entity Defendants") seek to cancel the registered trademark via counterclaim. For the reasons stated herein, that counterclaim falls short of the pleading requirements of Federal Rule of Civil Procedure 8 and 9(b). Plaintiff therefore respectfully requests that the Court dismiss the counterclaim in its entirety.

# FACTUAL BACKGROUND

Plaintiff is the owner of the trademark registration for SAMA®, U.S. Registration No. 5,325,040 (the "Mark"), issued by the United States Patent and Trademark Office ("USPTO") on October 31, 2017. ECF No. 6 ¶ 37; ECF No. 6-3. The Mark was registered in connection with various goods and services, including food and beverages, supplements, restaurant services, and spa services (the "Goods"). ECF No. 6 ¶ 37; ECF No. 6-3. After Plaintiff registered the Mark, Defendants began using the Mark in connection with their own tea-related goods and services. ECF No. 6 ¶ 40. In furtherance of their use, the Defendants filed their own application for the SAMA mark, U.S. Application Serial No. 90/016,315, on June 23, 2020. ECF No. 18 ¶ 10.

To curb Defendants' use of the Mark, Plaintiff filed this lawsuit on May 22, 2022, alleging that it has prior rights to the Mark and that Defendants' unauthorized use with overlapping goods and services constitutes trademark infringement and unjust enrichment in violation of the Lanham Act and Georgia law. *See generally* ECF No. 6. In response, the Entity Defendants filed a joint Counterclaim that seeks to cancel Plaintiff's registration for the Mark on the bases of abandonment and fraud on the USPTO. *See generally* ECF No. 18.

To support their cancellation counterclaim, the Entity Defendants state that

Plaintiff was administratively dissolved by the Georgia Secretary of State on June 17, 2019, and "was no longer active or conducting any business or making use of the . . . Sama Mark" at the time Defendants filed their trademark application. *Id.* ¶¶ 21–25. They also claim that, "[u]pon information and belief, Plaintiff has never used, is not currently using, or has no intent to use or resume using the Sama Mark as shown in the Registration in connection with [the Goods]." *Id.* ¶¶ 27–33. These actions, they conclude, constitute "Plaintiff's non-use and abandonment of the Sama Mark," and entitle Defendants to cancellation. *Id.* ¶ 36.

As another ground for cancellation, the Entity Defendants state, "Upon information and belief, the Plaintiff falsely and fraudulently represented to the USPTO that it was using or was planning to use the Sama Mark . . . with some or all of the goods or services recited in the Plaintiff's Registration." *Id.* ¶ 40. To support this contention, they summarily claim that "Plaintiff lacked an intent to use one or more of the goods listed in the application that resulted in Plaintiff's Registration" and "failed to use the mark on one or more of the listed goods in the application that resulted in Plaintiff's Registration." *Id.* ¶¶ 38, 39.

Plaintiff now moves to dismiss the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, because the Entity Defendants have failed to adequately plead trademark abandonment and have not met the

3

particularity requirements for pleading fraud.

## ARGUMENT AND CITATION OF AUTHORITY

### A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient, nor are mere naked assertions. *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).

Although the facts in the complaint must be accepted as true and construed in the light most favorable to the plaintiff, the Court need not accept as true a legal conclusion concealed as a factual allegation. *Id*. Furthermore, "[u]nwarranted deductions of fact in a complaint cannot be admitted as true for the purposes of testing the sufficiency of the allegations." *Church Girls, LLC v. Rodgers*, No. 2:18-

CV-14232-ROSENBERG/MAYNARD, 2018 WL 5923436, at *3 (S.D. Fla. Nov. 13, 2018) (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)).

### B. The Entity Defendants Fail to State a Claim for Trademark Cancellation.

Plaintiff alleges that Defendants infringed its rights in the Mark by selling similar or identical goods under an identical trademark to which Plaintiff claims prior rights. In response to Plaintiff's trademark infringement allegations, the Entity Defendants attempt to assert a claim for trademark cancellation based on Plaintiff's alleged abandonment of the Mark and alleged fraud on the USPTO. To succeed on their cancellation claim, the Entity Defendants must prove: "(1) that [they have] standing to petition for cancellation because [they are] likely to be damaged, and (2) that there are valid grounds for discontinuing registration." *Pinnacle Advert. & Mktg. Grp. v. Pinnacle Advert. & Mktg. Grp.*, 7 F.4th 989, 1004 (11th Cir. 2021); *see also* 15 U.S.C. §§ 1064, 1119. A party has standing if it "believe[s] that it is likely to be damaged by the registration" because, for example, it has "a direct commercial interest." *Edge Sys. LLC v. Aguila*, No. 1:14-cv-24517-KMM, 2015 WL 6447502, at *9–10 (S.D. Fla. Oct. 26, 2015) (quoting *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000)).

Plaintiff does not dispute that the Entity Defendants have sufficiently (if

5

barely) pled a likelihood of damage. *See* ECF No. 18 ¶¶ 9–11, 37. However, they have not done so regarding valid grounds for discontinuing Plaintiff's registration of the Mark. Two valid grounds upon which the Entity Defendants can achieve cancellation of the Mark are by establishing Plaintiff's abandonment of its rights or showing that Plaintiff obtained the registration fraudulently. *See* 15 U.S.C. § 1064(3). Here, the Entity Defendants try to plead both of these grounds for cancellation in their Counterclaim. However, because the Entity Defendants fail to state a claim for relief under either ground, the Court should grant this Motion and dismiss the Counterclaim in its entirety.

1. <u>Trademark Abandonment</u>

A registered trademark is deemed abandoned

> when the mark's use has been discontinued with intent not to resume such use. . . . Nonuse for 3 consecutive years shall be prima facie evidence of abandonment. 'Use' of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark.

*Churchill Downs Inc. v. Commemorative Derby Promotions, Inc.*, No. 1:12-cv-517-JEC, 2014 WL 3908521, at *4 (N.D. Ga. Aug. 8, 2014) (quoting 15 U.S.C. § 1127). Thus, a "[d]efendant must show that the plaintiff actually abandoned use of the mark, and, also, that the plaintiff intended to abandon the mark." *Bd. of Regents of the Univ. Sys. of Ga. v. Buzas Baseball, Inc.*, 176 F. Supp. 2d 1338, 1349 (N.D. Ga.

6

2001) (quoting *Citibank, N.A. v. Citibanc Grp.*, 724 F.2d 1540, 1545 (11th Cir. 1984)).

As a preliminary matter, six of the eighteen allegations arguably pertaining to the Entity Defendants' abandonment defense do not meet the pleading requirements of Rule 8. These six allegations are listed below:

- "Because of its reasonable and good faith belief that Plaintiff had abandoned the Plaintiff's Registration and the Sama Mark, Sama Worldwide, Inc. instituted a Cancellation Proceeding in the United States Trademark Trial and Appeal Board (the **"Board"**) on April 29, 2021, the same being Cancellation No. 92077032 (the **"TTAB Proceeding"**). ECF No. 18 ¶ 12 (emphasis in original).

- "The Plaintiff's abandonment of Plaintiff's Registration and the Sama Mark negates the claims that Plaintiff has asserted in its Amended Complaint." *Id.* ¶ 19.

- "Upon information and belief, Plaintiff abandoned the Sama Mark shown in Plaintiff's Registration pursuant to Section 14(3) and (6) of the Trademark Act, 15 U.S.C. § 1064(3) and (6)." *Id.* ¶ 26.

- "Upon information and belief, Plaintiff discontinued and abandoned the use of the SAMA mark at least as early as August 2019." *Id.* ¶ 34.

- "Upon information and belief, for at least three consecutive years, Plaintiff has not used the Sama Mark in connection with the list of goods and services identified in the Plaintiff's Registration, thereby constituting prima facie evidence of abandonment of the Sama Mark as shown in the Plaintiff's Registration and pursuant to 15 U.S.C. § 1127." *Id.* ¶ 35.

- "In view of Plaintiff's non-use and abandonment of the Sama Mark, Plaintiff is not entitled to continued registration of the Sama Mark pursuant to Sections 14(3) and (6) of the Trademark Act, 15 U.S.C. §

7

1064(3) and (6), and, as such, the Plaintiff's Registration should be cancelled." *Id.* ¶ 36.

These allegations contain either bare recitations of the elements of an abandonment claim or legal conclusions unsupported by actual facts. They should, therefore, be ignored. *See Ashcroft*, 556 U.S. at 678, *supra*.

Absent the above-listed improper allegations, the Entity Defendants' abandonment claim contains only the following statements:

- "This counterclaim is being asserted within five (5) years of the issuance of the Plaintiff's Registration. Upon information and belief, at the time of Defendant Sama Worldwide's Application, namely, June 23, 2020, Plaintiff was no longer active or conducting any business or making use of the Plaintiff's Registration or the Sama Mark." ECF No. 18 ¶ 21.

- "According to the online records maintained by the Georgia Secretary of State (the **"Secretary"**), the Secretary issued and sent a Notice of Intent to Administratively Dissolve Plaintiff to Plaintiff on June 17, 2019. A true and correct copy of said Notice is attached hereto as Exhibit 5 and is incorporated in herein by reference." *Id.* ¶ 22 (emphasis in original).

- "According to the online records maintained by the Secretary, the Secretary issued and sent a Certificate of Administrative Dissolution/Revocation of Plaintiff to Plaintiff on August 26, 2019. A true and correct copy of said Certificate is attached hereto as Exhibit 6 and is incorporated in herein by reference." *Id.* ¶ 23.

- "The Certificate attached at Exhibit 6 states, among other things, that Plaintiff: 'was mailed a notice in accordance with Title 14 of the Official Code of Georgia Annotated and was involuntarily or administratively dissolved or its certificate of authority revoked by the Office of Secretary of State on 08/26/2019 for failure to file its annual

- registration and/or failure to maintain a registered agent or registered office in this state. **This certificate is issued pursuant to Title 14 of the Official Code of Georgia Annotated and is prima-facie evidence of the existence or nonexistence of the facts stated herein**.'" *Id.* ¶ 24 (emphasis in original).

- "As of August 26, 2019, Plaintiff was no longer in existence as a Georgia limited liability company." *Id.* ¶ 25.

- "Upon information and belief, Plaintiff has never used, is not currently using, or has no intent to use or resume using the Sama Mark as shown in the Registration in connection with [the Goods]." *Id.* ¶¶ 27–33.

In summary, the Entity Defendants allege that (1) Plaintiff was administratively dissolved in August 2019 (¶¶ 22, 23, 25); (2) Plaintiff was not conducting business on June 23, 2020 (¶ 21); and (3) Plaintiff either has never used, is not currently using, or has no intent to resume using the Mark as of the date the Entity Defendants filed the Counterclaim (¶¶ 27–33).

The only non-speculative, factual allegations in the above-listed paragraphs revolve around the administrative dissolution of Sama Camp, LLC, in 2019. Courts have previously determined that administrative dissolution is not, by itself, sufficient to establish trademark abandonment. *See, e.g.*, *Jama Corp. v. Gupta*, No. 3:99-CV-01624, 2008 WL 108671, at *10 (M.D. Pa. Jan. 4, 2008) ("Although there may have been a practical abandonment in the dissolution of M.K.J. Corporation, this dissolution does not establish the actual intent to abandon the mark of 'Old West.'"); *Council on Am.-Islamic Relations Action Network, Inc. v. Schlussel*, No. 11-10061,

9

2011 WL 3563290, at *13 (E.D. Mich. Aug. 11, 2011) (in case involving administrative dissolution of trademark owner, "the issue of whether plaintiffs failed to file annual reports or pay annual fees is not dispositive on the issue of abandonment"); *Sonista, Inc. v. Hsieh*, 348 F. Supp. 2d 1089, 1095 (N.D. Cal. 2004) ("[M]ere dissolution of the trademark holder does not amount to an extinction of the rights of the parties in that mark."); *Durango Herald, Inc. v. Riddle*, 719 F. Supp. 941, 945 (D. Colo. 1988) ("Mere dissolution of the holder of a trademark, however, does not amount to an extinction of the rights of the parties in that mark.").

Moreover, Plaintiff's corporate registration was reinstated on July 12, 2021, less than two years after being dissolved. *See* SAMA Camp, LLC, Certificate of Reinstatement (attached hereto as Ex. A).[1] Under Georgia law, a valid reinstatement allows a limited liability company to "resume[ ] carrying on its business *as if the administrative dissolution never occurred*." O.C.G.A. § 14-11-603(4) (emphasis

---

[1] Although the Certificate of Reinstatement is not appended to the Amended Complaint or Counterclaim, it is central to the Entity Defendants' Counterclaim and Plaintiff's defense, and its authenticity cannot be reasonably disputed. *See FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1298 n.15 (11th Cir. 2011) ("A document outside the four corners of the complaint may still be considered on a motion to dismiss if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citation omitted)); *see also Arnold v. Nationstar Mortg. LLC*, No. 1:17-cv-3224-TWT-JKL, 2017 WL 5986233, at *7 n.3 (N.D. Ga. Nov. 8, 2017) ("In deciding a motion to dismiss, the Court can properly take judicial notice of public records maintained by the Georgia Secretary of State."), *recommendation adopted*, 2017 WL 5971994 (N.D. Ga. Dec. 1, 2017).

added); *see also* Ex. A at 1. This reinstatement vitiates any claim that Plaintiff's dissolution resulted in its abandonment of the Mark. *Cf. Stock Pot Rest., Inc. v. Stockpot, Inc.*, 737 F.2d 1576, 1581–81 (Fed. Cir. 1984) (where state statute gave reinstated corporation "same powers, duties and obligations as if it had not been dissolved," corporation had not abandoned trademark during dissolution period); *Minn. State Archery Ass'n I v. Minn. State Archery*, No. 02-4290 (RHK/RLE), 2003 WL 1589868, at *7 (D. Minn. Mar. 20, 2003) (abandonment claim lacked merit where statutorily dissolved corporation reactivated its status).

And, because the dissolution lasted less than three years, it also cannot, in itself, establish a prima facie claim of abandonment by the Entity Defendants. *See Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1174 (11th Cir. 2002) ("[The Lanham Act] allows a showing of three years of consecutive nonuse to create a rebuttable presumption of intent not to resume use . . . ." (citing 15 U.S.C. § 1127)).

Aside from the facts pertaining to Plaintiff's administrative dissolution, the Entity Defendants vaguely state, "Upon information and belief, Plaintiff has never used, is not currently using, or has no intent to use or resume using the Sama Mark as shown in the Registration in connection with [the Goods]." ECF No. 18 ¶¶ 27–33. Even if the Court affords these allegations the requisite presumption of truth,

11

they are based on pure conjecture and speculation. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). The Entity Defendants make no attempt to allege which goods Plaintiff never sold, which goods it sold but is no longer selling, or when the sales ceased. These bare allegations are nothing more than legal conclusions covering all the ways a trademark can be abandoned, without providing Plaintiff and the Court with the specificity necessary to show that the Entity Defendants are entitled to relief. The Entity Defendants' abandonment claim should be dismissed.

### 2. Fraud on the USPTO

A trademark registration can only be cancelled due to fraud "if the applicant or registrant knowingly makes a false, material representation with the intent to deceive the USPTO." *Drew Estate Holding Co., LLC v. Fantasia Distrib., Inc.*, No. 11-21900-CIV, 2012 WL 234105, at *7 (S.D. Fla. Jan. 24, 2012) (quoting *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009)). To prove this, the claimant must establish the following elements: "(1) the challenged statement was a false representation regarding a material fact; (2) the registrant knew the representation was false; (3) the registrant intended to deceive the USPTO; (4) the USPTO reasonably relied on the misrepresentation; and (5) the party suffered damages proximately resulting from such reliance." *Websters Chalk Paint Powder, LLC v.*

*Annie Sloan Interiors, Ltd.*, No. 1:13-cv-2040-WSD, 2014 WL 4093669, at *30 (N.D. Ga. Aug. 18, 2014) (citing *San Juan Prods., Inc. v. San Juan Pools of Kan., Inc.*, 849 F.2d 468, 473 (10th Cir. 1988)).

Because such a claim sounds in fraud, it must meet the heightened pleading requirements of Rule 9(b). Thus, the Entity Defendants must plead

> (1) precisely what statements were made in what documents or oral representations . . . , and (2) the time and place of each such statement and the person responsible for making . . . same, and (3) the content of such statements and the manner in which they misled the [USPTO], and (4) what the defendants obtained as a consequence of the fraud.

*Id.* at *8–9 (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

The Entity Defendants' Counterclaim devotes only three distinct paragraphs to its claim that Plaintiff committed fraud on the USPTO:

- "Upon information and belief, Plaintiff lacked an intent to use one or more of the goods listed in the application that resulted in Plaintiff's Registration at the time of filing of the application." ECF No. 18 ¶ 38.

- "Upon information and belief, Plaintiff failed to use the mark on one or more the listed goods in the application that resulted in Plaintiff's Registration within the period of time for filing a statement of use." *Id.* ¶ 39.

- "Upon information and belief, the Plaintiff falsely and fraudulently represented to the USPTO that it was using or was planning to use the Sama Mark in commerce on or in connection with some or all of the goods or services recited in the Plaintiff's Registration." *Id.* ¶ 40.

13

When combined with the one other relevant allegations in the Counterclaim—that "[u]pon information and belief, Plaintiff has never used, is not currently using, or has no intent to use or resume using the Sama Mark as shown in the Registration in connection with [the Goods]," *id.* ¶¶ 27–33—these assertions fall short of the pleading requirements outlined above.

First, these allegations are impermissibly vague. Reading them together, Plaintiff may have never started using the Mark with one, multiple, or all of the Goods, or it may have started using the Mark with one, multiple, or all of the categories of Goods and stopped—all while having either no intent to ever begin using the Mark or no intent to resume using the Mark after stopping. Such allegations constitute a thinly veiled stab in the dark as to whether Plaintiff was or was not using the trademark at any given time. In fraud claims, "[t]here is no room for speculation, inference or surmise," all of which are present here. *Websters Chalk*, 2014 WL 4093669, at *30 (quoting *Bose*, 580 F.3d at 1244). In essence, the claim is nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" that should not be permitted. *Ashcroft*, 556 U.S. at 678.

Second, the allegations do not specify when or how the alleged false statements were made. *Cf. Drew Estate Holding*, 2012 WL 234105, at *11 (dismissing fraud-on-USPTO claim that failed to state "when the lies were uttered

14

or how"). Nor do they establish that the USPTO relied on the statements or that Plaintiff achieved anything through the statements. *Id.* at *12 (fraud-on-USPTO claim must include the motivation for the fraudulent statement, i.e., the "why"). Finally, the allegations include no facts to suggest that Plaintiff intended to deceive the USPTO. *See Websters Chalk*, 2014 WL 4093669, at *31.

When viewed for what they truly are, these allegations show that the Entity Defendants "expect[ ] (or maybe hope[ ]) that [they] will uncover evidence of fraud during discovery," which is "precisely the type of litigation behavior Rule 9(b) was designed to prevent." *Id.* (citing *Brooks v. Blue Cross Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). As with the Entity Defendants' abandonment claim, the fraud claim should be dismissed.

### C. The Entity Defendants' Derivative Claim for Attorneys' Fees Must Be Dismissed.

In addition to the cancellation claim, the Counterclaim includes a claim for attorney's fees pursuant to O.C.G.A. § 13-6-11. This claim is derivative of the Entity Defendants' substantive claims and cannot exist in their absence. *See Sandy Springs Toyota v. Classic Cadillac Atlanta Corp.*, 604 S.E.2d 303, 306 (Ga. Ct. App. 2004). As explained above, the Entity Defendants have failed to state a claim for trademark cancellation; therefore, their claim for attorney's fees also fails and should be dismissed.

## CONCLUSION

The Entity Defendants' Counterclaim is rife with conclusory, barebones allegations that are insufficient to survive Rule 12(b)(6). Accordingly, the Court should grant Plaintiff's Motion to Dismiss the Counterclaim.

Respectfully submitted, this 11th day of August, 2022.

**SPERRY IP LAW d/b/a VIVID IP**
/Tayah L. Woodard/
Marcy L. Sperry
marcy@vividip.com
Tayah L. Woodard
tayah@vividip.com
3017 Bolling Way, NE
Atlanta, Georgia 30305
(404) 474-1600

**BEKIARES ELIEZER, LLP**
Zachary Eyster
2870 Peachtree Rd. #512
Atlanta GA 30305
zeyster@founderslegal.com
Telephone: 404.537.3686

*Attorneys for Plaintiff and Counter-Defendant Sama Camp, LLC*