## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SAMA CAMP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | **FILE NO.:  1:22-cv-01722-TCB** |
| | ) | |
| SAMA TEA, LLC; SAMA | ) | |
| WORLDWIDE, INC.; | ) | |
| SAMA BEVERAGES, LLC; 100.CO; | ) | |
| JAY SHETTY; RADHI DEVLUKIA | ) | |
| SHETTY, KIM PERELL; and JAMES | ) | |
| BRENNAN | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
### TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

Defendants Sama Tea, LLC, Sama Beverages, Inc., and Sama Worldwide, Inc. now known as Tea Worldwide (collectively, "**Tea Worldwide**" or "**Defendant**") submits this Memorandum of Law in support of its Opposition to Plaintiff's Motion to Dismiss Counterclaim (the "**Motion**"), showing the Court as follows:

### INTRODUCTION

For months Defendant Tea Worldwide has asked Plaintiff to produce documents or other evidence showing how, when, and where it has used the Sama

mark in commerce so that Defendant could evaluate the merits of Plaintiff's claims, but Plaintiff has refused, stating that those are issues for discovery. Thus, in formulating its answer and counterclaim, the only evidence Tea Worldwide could rely upon is information found in public sources.

So, what does that information show?  Namely, no evidence that Plaintiff has continuously used the Sama mark in commerce for all the classifications of goods and services for which the USPTO granted it the registered trademark. Instead, the public record shows that Plaintiff was administratively dissolved from the period of August 26, 2019 through July 12, 2021, which was months after Defendant instituted Cancellation Proceeding No. 92077032 in the United States Trademark Trial and Appeal Board (the "**Board**") on April 29, 2021, to cancel the Plaintiff's registration.  Further, when a google search for "Sama food for balance" is conducted, this "hit" is returned showing the business is closed:



And its undisputed that Plaintiff no longer operates from its place of business located at 56 E Andrews Dr NW Suite 17, Atlanta, GA 30305.

Yet, rather than voluntarily responding to Defendants request for proof of continued use of the Sama mark, Plaintiff seeks to dismiss Defendant's Counterclaim on highly technical but flawed arguments that Defendant has not pled its counterclaim with sufficient specificity. Plaintiff parses Defendant's allegations in the hopes of convincing the Court the allegations are deficient. They are not, and Defendant has sufficiently pled a claim for cancellation based on both abandonment and fraud grounds. Given the posture of this case (Plaintiff's motion was filed before the commencement of discovery), the Court should deny the Motion to Dismiss such that the parties can develop their claims and defenses through the discovery process. If the evidence is insufficient at the close of discovery, then Plaintiff can always move for summary judgment.

## ARGUMENT AND CITATION TO AUTHORITY

I. **Defendant's Counterclaim for Trademark Cancellation Satisfies the Federal Pleading Standards.**

Tea Worldwide's allegations in the Counterclaim not only meet, but exceed, the pleading threshold of Federal Rule of Civil Procedure 8(a)(2), which "requires only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds

upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). It is well-settled in this circuit that upon consideration of a Rule 12(b)(6) motion to dismiss, the pleadings are to be construed broadly and in a light most favorable to the plaintiff. *Roberts v. Florida Power & Light Co*., 146 F.3d 1305, 1307 (11th Cir. 1998).

Despite this low threshold, under the Supreme Court's most recent formulation of the standard to be applied to a Rule 12(b)(6) motion, a plaintiff's complaint may not merely contain "a formulaic recitation of the elements of a cause of action...." *Twombly*, 550 U.S. at 545. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court instructed, however, that the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements. *Id.* Thus, to survive a motion to dismiss, it is "necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Financial Sec. Assur., Inc. v. Stephens*, Inc., 500 F.3d 1276, 1282-1283 (11th Cir. 2007).

The allegations in Defendant's Counterclaim for Cancellation of Plaintiff's Registration on the bases of trademark abandonment and fraud on the USPTO

more than meet the standards imposed by *Twombly*. The Counterclaim does not merely contain a formulaic recitation of the elements needed to state each claim asserted by Defendant, but also includes supporting factual allegations about Plaintiff's conduct giving rise to trademark abandonment and fraudulent procurement of the Registration. *See, e.g.,* Counterclaim ¶¶ 9-40. For instance, the Counterclaim describes the trademark abandonment and fraudulent procurement and includes factual allegations about the time and scope of Plaintiff's business operations (Counterclaim ¶ 25), and lack thereof with use of the Sama Mark (Counterclaim ¶¶ 26-38), and the duration and extent of the nonuse (Counterclaim ¶¶ 39-40). It cannot credibly be argued that the Counterclaim does not give Plaintiff sufficient notice of the claims being asserted against it and the lack of use in which is it alleged to have engaged. The allegations also raise a reasonable expectation that discovery will reveal more evidence of Plaintiff's abandonment and intent to not resume use as well as more details of the fraud against the USPTO. As such, Defendant has met the pleading threshold imposed by Rule 8(a)(2).

Defendant properly and adequately pled the claim for trademark cancellation by proving its standing to petition for said cancellation since it was damaged commercially when its trademark application for the Sama Mark was rejected by

the USPTO due to Plaintiff's Registration. Secondly, Defendant properly plead valid grounds for the trademark cancellation which is based on abandonment and fraudulent procurement of the Sama Mark by Plaintiff as more fully discussed below.

A.    Trademark Abandonment.

Abandonment is one of the statutory grounds for cancellation of a trademark registration, § 14(3) of the Trademark Act, 15 U.S.C. § 1064(3). *See Shutemdown Sports, Inc. v. Carl Dean Lacy*, 102 U.S.P.Q.2d 1036 (T.T.A.B. 2012). Under the Lanham Act, 15 U.S.C. §§ 1051–1141, a trademark is deemed abandoned "[w]hen its use has been discontinued with intent not to resume such use." *Id.* § 1127. To prove abandonment of a trademark a defendant must establish two elements: "[1] that the plaintiff has ceased using the mark in dispute and [2] that he has done so with an intent not to resume its use*." Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1174 (11th Cir. 2002).

For the purposes of the Lanham Act, "use" is defined as "the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 U.S.C. § 1127. "Thus, neither promotional use of the mark on goods in a different course of trade nor mere token use constitute 'use' under the Lanham Act." *Emergency One, Inc. v. Am. FireEagle, Ltd.*, 228 F.3d 531, 536

(4th Cir. 2000) (citing *Imperial Tobacco, Ltd. v. Phillip Morris, Inc.*, 899 F.2d 1575, 1592–83 (Fed. Cir. 1990)). Further, an intent not to resume use of a trademark "**may be inferred from the circumstances**." 15 U.S.C. § 1127 (emphasis added). *See Imperial Tobacco Ltd. v. Philip Morris Inc.*, 899 F.2d 1575, 14 USPQ2d 1390, 1395 (Fed. Cir. 1990)(abandonment found where mark had never been used); and *The Procter & Gamble Co. v. Sentry Chemical Co.*, 22 USPQ2d 1589, 1592, (TTAB 1992)(abandonment may be established by proving that a registrant is not using or has never used its mark on certain goods)(emphasis added). *See Shutemdown Sports, Inc. v. Carl Dean Lacy*, 102 U.S.P.Q.2d 1036 (T.T.A.B. 2012).

Plaintiff contends the allegations in Defendant's Counterclaim do not meet the pleading requirements of Rule 8 and therefore, Defendant has failed to state a claim of abandonment. But Defendant's counterclaim shows otherwise. Defendant alleges that at the time of its "Sama Worldwide Application," upon information and belief, Plaintiff was no longer active and/or conducting any business or making use of the Plaintiff's Registration or the Sama Mark. Defendant specifically alleged that as of August 26, 2019, Plaintiff was no longer an existing Georgia limited liability company and proved this with true and correct copies of the Georgia Secretary of State filings for corporate dissolution.

And contrary to Plaintiff's inaccurate assertions that Defendant failed to even specify what goods and/or services Plaintiff allegedly abandoned, Defendant specifically alleged Plaintiff "has never used, is not currently using, and has no intent to use or resume using the Sama Mark as shown in the Registration" for the goods and/or services in Intl. Classes 3, 5, 29, 30, 32, 43, and 44. Defendant also alleged Plaintiff discontinued and abandoned the Sama Mark at least as early as August 2019. Additionally, Defendant specified that for at least three consecutive years, Plaintiff has not used the Sama Mark in connection with the list of goods and services identified in Plaintiff's Registration, thereby constituting prima facie evidence of abandonment of the Sama Mark as shown in the Plaintiff's Registration and pursuant to 15 U.S.C. § 1127.

These factual allegations allow for the inference that Plaintiff had no intent to resume use of the Sama Mark for several its goods and/or services listed in the Plaintiff's Registration. As previously indicated, an intent not to resume use of a trademark "**may be inferred from the circumstances**." 15 U.S.C. § 1127 (emphasis added). In other words, given Plaintiff's own corporate dissolution, Plaintiff could not have "used" the Sama Mark as contemplated by the Lanham Act for the duration of that entire almost two-year period. Similarly, given Plaintiff has not been operating out of its brick-and-mortar location since July 2021, the

circumstances lead to the inference that Plaintiff has abandoned the Sama Mark since it could not have been using it for the classes of goods and services under its Registration without an operating location to carry out its business practices.

Further Plaintiff's arguments in favor of dismissal such as attacking the strength of the Defendant's evidence of corporate dissolution allegations attempt to strike at the truth of Defendant's allegations, which should be an issue for summary judgment. *See Meth Lab Cleanup, LLC v. Spaulding Decon, LLC,* No. 8:10-CV-2550-T-30TGW, at *2 (M.D. Fla. 2011). But these attacks are insufficient to defeat Defendant's counterclaim on a motion to dismiss. As such, this Court should deny Plaintiff's Motion by holding that Defendant has sufficiently pled the elements of abandonment.

B.    Fraud on the USPTO

"Fraud in obtaining a trademark occurs 'when an applicant knowingly makes false, material representations of fact in connection with an application' or in a verified declaration." *Spiral Direct, Inc.*, 151 F. Supp. 3d at 1277 (quoting *Traffic Control, Inc. v. Shadow Network Inc.,* 104 F.3d 336, 340 (Fed. Cir. 1997)). A third party may petition to cancel a registered service mark on the grounds that the registration was obtained fraudulently. *Metro Traffic Control, Inc. v. Shadow Network Inc.,* 104 F.3d 336, 340 (Fed.Cir.1997) (citing *Torres v. Cantine*

*Torresella S.r.l.,* 808 F.2d 46, 47–48, 1 USPQ2d 1483, 1483–84 (Fed.Cir.1986)).

Fraud in procuring a service mark occurs when an applicant knowingly makes

false, material representations of fact in connection with an application. *Id.* "'[T]he

obligation which the Lanham Act imposes on an applicant is that he will not make

*knowingly* inaccurate or *knowingly* misleading statements in the verified

declaration forming a part of the application for registration.'" *Id* at 48 (quoting

*Bart Schwartz Int'l Textiles Ltd. v. Federal Trade Comm'n,* 48 C.C.P.A. 933, 289

F.2d 665, 669, 129 USPQ 258, 260 (1961) (emphasis in original) (citing *Meth Lab*

*Cleanup, LLC v. Spaulding Decon, LLC*, No. 8:10-CV-2550-T-30TGW, 2011 at *2

(M.D. Fla. 2011)).

Under Federal Rule of Civil Procedure 9(b), a complaint alleging fraud must

set forth "(1) precisely what statements were made, (2) the time and place of each

statement and the person responsible for the same, (3) the content of such

statements and how they misled the plaintiff, and (4) what the defendants gained

through the fraud." *Id.* (citing *Ziemba v. Cascade Int'l, Inc*., 256 F.3d 1194, 1202

(11th Cir. 2001)). Plaintiff argues that Defendant has failed to meet Rule 9(b)'s

requirements.

Defendant's fraud allegations rest on the representations Plaintiff made to

the USPTO in its trademark application for the Sama Mark and the subsequent

-10-

filing of its statement of use. *See* Counterclaim at ¶¶ 37-41. Plaintiff made a declaration that it had an intent to use the Sama Mark in connection with the laundry list of goods and services it listed in its July 2016 application. Plaintiff then made a declaration it was using the Sama Mark in connection with the full suite of goods and services in its subsequent August 2017 statement of use for Intl. Classes 3, 5, 29, 30, 32, 43, and 44. Upon information and belief, Plaintiff has failed to use the Sama Mark in connection with some or all of the goods and services that fall under the Intl. Classes 3, 5, 29, 30, 32, 43, and 44 for which it was granted trademark rights. It can be inferred from the Plaintiff's Registration that the USPTO relied on the statements made by Plaintiff. Under that same logic, it is obvious that Plaintiff precisely achieved its goal when it completed the USPTO Application and statement of use which resulted in Registration of the Sama Mark which comes with all the benefits and protections inured to a trademark owner.

In sum, Defendant properly pled the elements of fraud by showing that (1) the statements made by Plaintiff were the declarations in its trademark application and subsequent statement of use for the Sama Mark; (2) the time and place is stated by Defendant in the Counterclaim as it says "at the time of filing the application" and "within the period of time for filing a statement of use"; (3) the content of such statements is that Plaintiff declared it had an intent to use and later on was using all

the goods and services under the above listed International Classes which the USPTO relied on to grant the application for the Registration of the Sama Mark; and lastly, (4) Plaintiff gained the federal protections and rights that come with a USPTO trademark Registration due to its misrepresentations to the USPTO.

While intent is necessary to prove fraud, it can be inferred from circumstances, and it is too early to dismiss this claim at this stage as Plaintiff's intentions regarding the use of the trademark will be fleshed out in discovery. *See ASC Const. Equip. USA, Inc. v. City Com. Real Est., Inc.,* 303 Ga. App. 309, (2010)(Because fraud is inherently subtle, it may be proved by slight circumstances, and whether a misrepresentation is fraudulent and intended to deceive is generally a jury question. O.C.G.A. §§ 23–2–53, 51–6–2(a)); *see also Spiral Direct, Inc. v. Basic Sports Apparel, Inc.,* 151 F. Supp. 3d 1268, 1277 (M.D. Fla. 2015)(The question of whether BSA's misrepresentations were "fraudulent" statements or merely "false" statements is a factual question that cannot be resolved at this [motion to dismiss] stage) (citing *Metro Traffic Control,* 104 F.3d at 340).

Because Defendant has sufficiently pled fraud under Rule 9(b), the counterclaim for cancellation of Plaintiff's Registration deserves to survive, and this Court should deny Plaintiff's Motion. As with the Defendant's abandonment

claim, if the facts produced in discovery fail to support it, then Plaintiff will have the ability and right to move for summary judgment.

## II.    Defendant's Counterclaim for Attorney's Fees Survives Plaintiff's Motion to Dismiss.

Because Defendant has shown that its counterclaim for cancellation of the Plaintiff's trademark has merit, Defendant's ancillary claim for attorney's fees under O.C.G.A § 13-6-11 likewise has merit and should survive dismissal at this stage. The Court should deny the Motion to dismiss the attorney's fees claim.

## III.    Defendant Should be Granted an Opportunity to Amend the Counterclaim.

If the Court determines for some reason that any part of Defendant Tea Worldwide's allegations are insufficient to state a claim, then the Court should grant Tea Worldwide an opportunity to conduct discovery and then amend its Counterclaim once Plaintiff is forced to produce the information about its business dealings and its intentions that, to date, it has refused to voluntarily produce.

Outside of the time for an amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. Rule 15 provides that a district "court should freely give leave when justice so requires." *Id.* While allowing an amendment is a discretionary decision, the Eleventh Circuit has explained that district courts

-13-

should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute. *See Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406–07 (11th Cir. 1989)(explaining that Rule 15's policy of "liberally permitting amendments to facilitate [the] determination of claims on the merits circumscribes the exercise of the district court's discretion"). Leave to amend should be "freely given when justice so requires" unless there is an "apparent or declared reason" to deny it such as "undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006); citing *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021).

Plaintiff will not be prejudiced by Defendant's amendment of its Counterclaim because Plaintiff already has the obligation of proving its trademark infringement claim, which overlaps and includes its obligation to defeat Defendant's abandonment defense. *See Pinnacle Advert.,* 7 F.4th at 998 (11th Cir. 2021)(where the court held that the plaintiff was not unduly prejudiced by the defendant's amendment of its cancellation counterclaim because the plaintiff received notice of the claim some three months earlier in the litigation and because the plaintiff had sought summary judgment on the counterclaim, which revealed the plaintiff was prepared to factually defend against the counterclaim).

-14-

## **CONCLUSION**

Plaintiff's Motion to Dismiss is premature as the Parties have not even begun discovery. To grant such a motion at this early of a stage would be unjust and inefficient. Defendant respectfully requests this Court deny Plaintiff's premature Motion to dismiss. In the alternative, Defendant requests that the Court grant it leave to amend its Counterclaim after the parties have exchanged discovery.

Respectfully submitted this 24th day of August, 2022.

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

3344 Peachtree Road, NE,
Suite 2400
Atlanta, GA  30326
404-876-2700
404-875-9433 Fax
wbuhay@wwhgd.com
bburrows@wwhgd.com

*/s/Briana A. Burrows*
William C. Buhay
Georgia Bar No. 093940
Briana A. Burrows
Georgia Bar No. 915353

*Counsel for Defendant Tea Worldwide, Inc.*

-15-

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT, AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14-point size.

/s/ Briana A. Burrows
Briana A. Burrows

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following counsel of record:

> Marcy L. Sperry
> Tayah L. Woodard
> SPERRY IP LAW d/b/a VIVID IP
> 3017 Bolling Way, NE
> Atlanta, Georgia 30305
> tayah@vividip.com
> marcy@vividip.com
>
> Zachary Eyster
> BEKIARES ELIEZER, LLP
> 2870 Peachtree Rd., #512
> Atlanta GA 30305
> zeyster@founderslegal.com
>
> *Attorneys for Plaintiff*

This 24th day of August, 2022.

> **WEINBERG, WHEELER,**
> **HUDGINS, GUNN & DIAL, LLC**
>
>
> */s/ Briana A. Burrows*
> Briana A. Burrows
> Georgia Bar No. 915353
>
> *Counsel for Defendant Tea Worldwide, Inc.*