UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMA CAMP, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>SAMA TEA, LLC; SAMA WORLDWIDE INC.; SAMA BEVERAGES, LLC; 100.CO; JAY SHETTY; RADHI DEVLUKIA SHETTY; KIM PERELL; and JAMES BRENNAN,<br><br>      Defendants. | CIVIL ACTION NO. 1:22-cv-01722-TCB |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.2, the parties certify that they have conferred through counsel and jointly developed the following Preliminary Report and Discovery Plan:

1. **Description of Case:**

   a. **Describe briefly the nature of this action.**

   Plaintiff alleges in its Complaint that Defendants are infringing on its federally registered trademark, SAMA®, by selling products identical or substantially similar to Plaintiff's under an identical trademark. Based on this alleged conduct, Plaintiff has asserted claims against Defendants for trademark infringement under the Lanham Act and Georgia law; false endorsement under the Lanham Act; unjust enrichment under Georgia law; and attorney's fees under Georgia law.

   Defendants Sama Tea, LLC, Sama Beverages, LLC, and Sama Worldwide Inc., now known as Tea Worldwide, Inc., , (collectively, **"Tea Worldwide, Inc."** or **"Defendant Tea Worldwide"**) filed a counterclaim seeking cancellation of Plaintiff's registered trademark

under the Lanham Act based on Plaintiff's alleged abandonment of the mark and fraud on the USPTO. The counterclaim also includes a claim for attorney's fees under Georgia law.

**b.     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff is the owner of the trademark SAMA®, which was federally registered with the United States Patent and Trademark Office ("USPTO") on October 31, 2017, under Registration No. 5,325,040. The registration covers, among other things, tea products. On June 23, 2020, Defendant Tea Worldwide, Inc. attempted to federally register the Sama Mark with the USPTO in connection with tea products (Serial No. 90/016,315). In the fall of 2021, Defendant Tea Worldwide, Inc. began selling tea products under the name "Sama Tea" on a national level through various channels such as ecommerce and social media. Defendants contend that Plaintiff has abandoned the Sama Mark on the basis that it never used, is not currently using, or has no intent to resume using the Sama Mark as shown in the Registration in connection with the goods and services that fall under Intl. Classes 3, 5, 29, 30, 32, 43, and 44. Defendant Tea Worldwide, Inc. further contends Plaintiff falsely and fraudulently represented to the USPTO that it was using or was planning to use the Sama Mark in commerce on or in connection with some or all of the goods or services recited in the Plaintiff's Registration.

**c.     The legal issues to be tried are as follows:**

<u>For Plaintiff</u>:

- Whether Defendants' use of the SAMA mark in connection with tea products infringes on Plaintiff's registered trademark rights;

- Whether Defendants' use of the SAMA mark in connection with tea products falsely indicates endorsement of Defendants' goods by Plaintiff;

- Whether Defendants have been unjustly enriched by their use of

the SAMA mark;

- Whether Defendants should be enjoined from using the SAMA mark in connection with goods similar or identical to Plaintiff's;

- Whether Plaintiff is entitled to a constructive trust to hold the proceeds Defendants gained as a result of their infringement;

- Whether this case is "exceptional" under the Lanham Act, such that Plaintiff is entitled to attorney's fees;

- Whether Defendants are liable to Plaintiff for litigation expenses including, but not limited to, attorney's fees under Georgia law;

- Whether Plaintiff is entitled to treble damages under the Lanham Act for Defendants' infringement; and

- Whether Plaintiff is entitled to punitive damages as a result of Defendants' infringement.

For Defendants:

- Whether Plaintiff abandoned the Sama Mark shown in Plaintiff's Registration pursuant to Section 14(3) and (6) of the Trademark Act, 15 U.S.C. § 1064(3) and (6);

- Whether Plaintiff has never used, is not currently using, or has no intent to use or resume using the Sama Mark as shown in the Registration in connection with the goods and services that fall under Intl. Classes 3, 5, 29, 30, 32, 43, and 44;

- Whether Plaintiff intentionally, falsely, and fraudulently represented to the USPTO that it was using or was planning to use the Sama Mark in commerce on or in connection with some or all of the goods or services recited in the Plaintiff's Registration procured Registration of the Sama Mark;

- Whether Plaintiff lacked an intent to use one or more of the goods

3

listed in the application that resulted in Plaintiff's Registration at
the time of filing the application;

- Whether Plaintiff failed to use the mark on one or more of the
listed goods in the application that resulted in Plaintiff's
Registration within the time for filing a statement of use;

- Whether Defendants are entitled to an order from the Court
cancelling the Plaintiff's Registration and the Sama Mark;

- Whether the acts of securing the Plaintiff's Registration and the
Sama Mark on goods for which Plaintiff did not intend to use in
commerce or which it then abandoned, were undertaken in bad
faith, are stubbornly litigious, and have caused Tea Worldwide,
Inc. unnecessary trouble and expense such as to warrant Tea
Worldwide an entitlement to an award of attorney's fees and
expenses of litigation pursuant to O.C.G.A. § 13-6-11;

- Whether the act of Plaintiff, through its principal, Shannon
Sliger, in threatening to "me too" Defendant James Brennan is
likewise in bad faith, is stubbornly litigious, and has caused
Defendants unnecessary trouble and expense such as to warrant
Tea Worldwide an entitlement to an award of attorney's fees and
expenses of litigation pursuant to O.C.G.A. § 13-6-11; and

- Whether the acts of Plaintiff in continuing to assert rights to the
Sama Mark despite having abandoned same are in bad faith, are
stubbornly litigious, and have caused Tea Worldwide, Inc.
unnecessary trouble and expense such as to warrant Tea
Worldwide an entitlement to an award of attorney's fees and
expenses of litigation pursuant to O.C.G.A. § 13-6-11.

-

**d.**    **The cases listed below (include both style and action number) are:**

   **1)  Pending Related Cases:**

None.

### 2) Previously Adjudicated Related Cases:

None.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

_____ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
_____ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
_____ (11) Unusually complex discovery of electronically stored information

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

Marcy L. Sperry
Sperry IP Law LLC d/b/a Vivid IP
3017 Bolling Way NE
Atlanta, Georgia 30305

Tayah Woodard
Sperry IP Law LLC d/b/a Vivid IP
3017 Bolling Way NE
Atlanta, Georgia 30305

Zachary Eyster
Bekiares Eliezer, LLP
2870 Peachtree Road #512
Atlanta, Georgia 30305

**Defendant:**

William C. Buhay
3344 Peachtree Rd., NE
Suite 2400
Atlanta, Georgia 30326

Briana A. Burrows
3344 Peachtree Rd., NE
Suite 2400
Atlanta, Georgia 30326

4.   <u>**Jurisdiction**</u>:

**Is there any question regarding this Court's jurisdiction?**

**__X__Yes ____No**

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.   <u>**Parties to This Action**</u>:

a.   **The following parties are necessary parties who have not been joined:**

Defendants contend ASA James, LLC which appears to have held ownership in the Sama Mark for some or all of the relevant period in question, and as such, is an indispensable party.

6

     **b.**    **The following parties are improperly joined as parties:**

     Sama Tea, LLC, Sama Beverages, LLC, Sama Worldwide, Inc. which are former or alternate names for Tea Worldwide Inc. Plaintiff will file a motion to drop Sama Tea, LLC, Sama Beverages, LLC, and Sama Worldwide, Inc. as parties and substitute Tea Worldwide, Inc. in their place.

     **c.**    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

     Defendant 100.co Global Holdings, LLC, is inaccurately designated as simply "100.co." Plaintiff will file a motion, jointly with the motion referenced in section 5(b) above, to correct the name on the docket.

     **d.**    **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.**    <u>**Amendments to the Pleadings**</u>**:**

     **Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

     **a.**    **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

     Defendant Tea Worldwide, Inc. anticipates the need to file an Amended Counterclaim after discovery is exchanged and this Court rules on the Plaintiff's pending Motion to Dismiss and Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss in which Defendant Tea Worldwide requests leave from the Court to amend its counterclaim as justice so requires.

     **b.**    **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should**

have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.    <u>Filing Times for Motions</u>:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

a.    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

b.    *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

c.    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

d.    *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

8.    <u>Initial Disclosures</u>:
The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).

None.

9.    <u>Request for Scheduling Conference</u>:

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

Not applicable.

10.    <u>Discovery Period</u>:

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

For Plaintiff:

- Defendants' selection, prosecution, and use of the SAMA name;

- Defendants' advertising and promotion of tea-related goods under the SAMA name;

- Any instances of confusion among consumers or the public regarding the source, sponsorship, or approval of Defendants' tea-related goods;

- The corporate relationship between the entity Defendants; and

- Damages.

For Defendants:

- Plaintiff's selection and adoption of the Sama Mark;

- Plaintiff's goods and services by trademark class and product description that Plaintiff has offered in U.S. commerce in relation to the Sama Mark since January 1, 2017 through present;

- The geographic area in which the Plaintiff's goods and services have been sold bearing the Sama Mark and when that distribution

9

of goods and services began;

- All Plaintiff's sales records for products bearing the Sama Mark from January 1, 2016 to present;

- All steps taken by Plaintiff to advertise, publicize, market, or sell goods and services under or in connection with the Sama Mark from January 1, 2016 to present;

- All steps taken by Plaintiff from 2016 to the present to exercise control over the use of the Sama Mark, including efforts to monitor the quality of goods bearing the Sama Mark and use of the Sama Mark by third parties;

- All knowledge and facts related to information about the production, manufacture, and sale of products that have been sold or offered for sale under or in connection with Plaintiff's Sama Mark from January 1, 2017 to present;

- Information pertaining to any licenses granted to or by Plaintiff to or from any individual or entity for the use of the Sama Mark from January 1, 2017 to present;

- Whether Plaintiff has assigned or received an assignment of any interest in Plaintiff's Mark to or from any individual or entity since Plaintiff's adoption of the Sama Mark;

- The corporate hierarchy and structure of each past and current owner, member, manager, officer, director, and employee of Sama Camp, LLC;

- All facts and circumstances supporting Plaintiff's assertion Plaintiff has not abandoned the Sama Mark;

- Information pertaining to the products, labeling, or packaging for Plaintiff's goods and services that are sold with the Sama Mark;

- The corporate hierarchy and structure of each past and current owner, member, manager, officer, director, and employee of ASA James, LLC;

- Information about every person who has told any agent or representative of Sama Camp, LLC that he/she has suffered actual confusion about the Plaintiff's Mark and any mark used by any of the Defendants in commerce; and

- Damages allegedly suffered by Plaintiff due to the alleged infringement of the Sama Mark by Defendants in commerce.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Expert discovery relating to damages will be based on fact discovery obtained by the parties; therefore, the parties have agreed to divide discovery into two phases: fact discovery and expert discovery. The agreed upon deadlines are as follows:

| Event | Date |
|---|---|
| **Phase 1 Fact Discovery opens**<br>• Parties serve initial disclosures<br>• Written discovery, document production, and depositions begin | August 22, 2022 |
| **Phase 1 Fact Discovery closes**<br>• Deadline to file motions to compel fact discovery | October 14, 2022 |
| **Phase 2 Expert Discovery opens**<br>• Parties serve expert reports on issues for which they bear the burden of proof<br>• Depositions begin | October 31, 2022 |

11

| Parties serve expert rebuttal reports | November 18, 2022 |
|---|---|
| **Phase 2 Expert Discovery closes** | December 22, 2022 |
| **Deadline to file *Daubert* motions and motions for summary judgment**<br>• Deadline to file Consolidated Pretrial Order (if no motion(s) for summary judgment filed) | January 23, 2023 |
| **Deadline to file Consolidated Pretrial Order** | 30 days after Court's ruling on motion(s) for summary judgment |

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

**a.   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

**b.   Is any party seeking discovery of electronically stored information?**

____X____ **Yes**               _____ **No**

**If "yes,"**

**1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

No limitations at this time, though the parties anticipate a modest amount of electronically stored information will be exchanged.

12

**2)** **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

> The parties anticipate they will request and produce electronically stored information ("ESI"). Such disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business. The parties agree that ESI responsive to discovery requests shall be produced in single-page PDF or TIFF format with document-level extracted or OCR-generated searchable text and corresponding load files (e.g., .DAT, .LFP, .OPT) that include "beginning document" and "ending document" bates ranges to account for the breaks between documents. The parties agree to preserve all potentially discoverable data from alteration or destruction in the ordinary course of business, and each party should be prepared to produce specific ESI in native format (with metadata, where appropriate) upon reasonable request.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.** **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

> None at this time.

**13.** **Settlement Potential:**

**a.** **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f)  conference that was held on** August 16, 2022**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff:** **Lead counsel (signature):** /s/Tayah Woodard_____

**Other participants:** Zachary Eyster

**For defendant:**   **Lead counsel (signature):** /s/William C. Buhay
                     **Other participants:** Briana A. Burrows

    **b.**    **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

          (_____) **A possibility of settlement before discovery.**
          (___X___) **A possibility of settlement after discovery.**
          (_____) **A possibility of settlement, but a conference with the judge is needed.**
          (_____) **No possibility of settlement.**

    **c.**    **Counsel (___X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is** not yet set**.**

    **d.**    **The following specific problems have created a hindrance to settlement of this case.**

        None.

**14.**    **Trial by Magistrate Judge:**

    **Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

    **a.**    **The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.**

    **b.**    **The parties (___X___) do not consent to having this case tried before a magistrate judge of this Court.**

This 24th day of August, 2022.

**SPERRY IP LAW d/b/a VIVID IP**
/s/Tayah Woodard
Marcy L. Sperry
marcy@vividip.com
Tayah L. Woodard
tayah@vividip.com
3017 Bolling Way NE
Atlanta, Georgia 30305
(404) 474-1600

**BEKIARES ELIEZER, LLP**
Zachary Eyster
2870 Peachtree Rd. #512
Atlanta GA 30305
zeyster@founderslegal.com
Telephone: 404.537.3686

*Attorneys for Plaintiff Sama Camp,
LLC*

**WEINBERG, WHEELER,**
   **HUDGINS, GUNN & DIAL, LLC**
/s/Briana A. Burrows
William C. Buhay
wbuhay@wwhgd.com
Brianna A. Burrows
bburrows@wwhgd.com
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
Phone: 404-876-2700
Fax: 404-875-9433


*Attorneys for Defendants Sama Tea,
LLC, Sama Beverages, LLC, Sama
Worldwide, Inc., Jay Shetty, Radhi
Devlukia Shetty, Kim Perell, and James
Brennan*

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

IT IS SO ORDERED, this _____ day of _____, 20____.


_____
Timothy C. Batten, Sr.
United States District Judge

15

## **STATEMENT ON JURISDICTIONAL ISSUES**

**Defendants contend the Court lacks personal jurisdiction over Defendants and therefore venue over Defendants is improper in this Court.**

Factual Basis:  None of the Defendants are Georgia residents, nor do they have sufficient minimum contacts with this State such that being forced to defend this suit in Georgia offends the notions of fair play and substantial justice.