UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMA CAMP, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>SAMA TEA, LLC; SAMA<br>WORLDWIDE INC.; SAMA<br>BEVERAGES, LLC; 100.CO; JAY<br>SHETTY; RADHI DEVLUKIA<br>SHETTY; KIM PERELL; and JAMES<br>BRENNAN,<br><br>        Defendants. | CIVIL ACTION NO. 1:22-cv-01722-TCB |

## [PROPOSED] PROTECTIVE ORDER

Plaintiff Sama Camp, LLC ("Plaintiff") and Defendants Sama Tea, LLC;

Sama Worldwide Inc., now known as Tea Worldwide, Inc.; Sama Beverages, LLC;

100.co Global Holdings, LLC; Jay Shetty; Radhi Davlukia Shetty; Kim Perell; and

James Brennan ("Defendants"), who are collectively referred to as the "Parties,"

agree that the above-captioned action (the "Litigation") may involve the production

or disclosure of the Parties' sensitive information in the proceeding, including trade

secrets and other confidential or sensitive commercial, research, technical,

manufacturing, marketing, sales, or business information or other confidential

information within the meaning of Rule 26(c) of the Federal Rules of Civil

Procedure.  The unrestricted disclosure of such confidential information may be

prejudicial to the Parties and third parties and/or compromise their respective competitive positions; therefore, the Parties have determined that this Protective Order (the "Order") is required to protect the interests of the Parties and third parties while allowing the exchange of information, documents, and electronically stored information relevant to this Litigation. This Order shall be read in connection with any separate Stipulated Electronic Discovery Order that the Parties may enter into. Subject to approval of the Court, the Parties hereby stipulate to the following:

1.    **<u>PURPOSES AND LIMITATIONS</u>**

(a)    This Order shall govern the production, use and disclosure of confidential documents and information produced, used or disclosed in connection with this Litigation, and designated in accordance with this Order.

(b)    Disclosure of Protected Material (as defined below) is prohibited, except as expressly provided in this Order.

(c)    The Parties acknowledge that designations under this Order shall be made with care and with the good faith belief that the designated material satisfies the criteria set forth below.  If a Producing Party (defined below) discovers that designated material does not qualify for the level of protection initially asserted, it must promptly notify any Receiving Party (defined below) that it is withdrawing or changing the designation.

(d)    A Party may designate information or documents produced, used, or disclosed as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" and subject to the protections and requirements of this Order, if so designated in writing to the other Parties, or orally, if recorded as part of a deposition or hearing or other proceeding, pursuant to the terms of this Order.

2.    **<u>DEFINITIONS</u>**

(a)    "Discovery Material" means all items or information, including from a third party, regardless of the medium or manner generated, stored, or maintained (including testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this Litigation.

(b)    "Party" means any party to this Litigation, including its officers, directors, employees, consultants, retained experts, and outside counsel, and their support staff.

(c)    "Producing Party" means any Party that discloses or produces Discovery Material in this Litigation.

(i)    A third party producing information or material voluntarily or pursuant to a subpoena or an order may designate such material or information in the same manner and shall receive the same level of protection under this Order as any Party to this Litigation.

(ii)    A third party's use of this Order to protect its Protected Material (as defined below) does not entitle that third party to gain access to Protected Material produced by any Party or other third party in this Litigation.

(d)    "Protected Material" means Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" as provided in this Order.  Protected Material shall not include: (1) materials that have been published to the general public or are otherwise in the public domain; (2) information that after disclosure to a Receiving Party becomes part of the public domain as a result of publication not involving a violation of this Order or any violation of law; (3) information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source that obtained the information lawfully and under no obligation of confidentiality; (4) information that a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the information designated by a Producing Party under this Order; or (5) documents or testimony for which confidentiality was waived by the Producing Party's purposeful use in this proceeding in any manner that did not preserve the confidential nature of the material.

(e)    "Receiving Party" means any Party receiving Discovery Material from a Producing Party.

3.    **<u>SCOPE</u>**

(a)    The protections conferred by this Order cover not only Discovery Material, but also any information copied or extracted therefrom, any copies, excerpts, summaries, notes, or compilations thereof, and any testimony, conversations, or presentations by the Parties or their counsel in this proceeding or in other settings that might reveal Protected Material.

(b)    Nothing in this Order restricts a Producing Party's disclosure or use of its own Discovery Material for any purpose, and nothing in this Order precludes any Party from disclosing Discovery Material to the individual who prepared or previously received the Discovery Material.  Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in this proceeding and in any filing with the consent of the Producing Party or by order of the Court, and in accordance with the terms herein.

(c)    This Order is without prejudice to the right of any Party to seek additional protection for any Discovery Material or to modify this Order in any way, including, without limitation, seeking an order that certain matters need not be produced at all.

## 4.    **DURATION**

After the termination of this proceeding, unless the duration of the confidentiality obligation is set herein, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a Court order otherwise directs.

## 5.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    **Basic Principles**.  All Protected Material may be used solely for this proceeding and the preparation for any hearing in this Litigation and not for any other purpose whatsoever, including without limitation any other litigation; trademark, patent, or copyright prosecution or acquisition; or any business or competitive purpose or function.   Protected Material may not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b)    **Limitations**.  Nothing in this Order restricts in any way a Producing Party's use or disclosure of its own Protected Material.   Nothing in this Order restricts in any way a Receiving Party's use or disclosure of Discovery Material:

(1) that is or has become publicly known through no fault of the Receiving Party;

(2) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party;

6

(3) that the Producing Party previously produced, disclosed, or provided to the Receiving Party or a non-Party without any obligation of confidentiality and not inadvertently or by mistake;

(4) with the consent of the Producing Party; or

(5) pursuant to order of the Court.

## 6.   **DESIGNATING PROTECTED MATERIAL**

(a)   **Available Designations**.   Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."

(b)   **Written Discovery and Documents and Tangible Things**.  Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraphs 7, 8, and 9 below may be so designated by placing the appropriate designation on the written material prior to production or disclosure.  Information or material produced digitally, e.g., on a magnetic or optical medium or by network communication, is to be designated as Protected Material by marking the medium, container, or communication through a naming convention for the electronically stored information ("ESI"), or by other means that indicate the confidential nature of the material.  In addition, with respect

to digital image files, such as PDF or TIFF files, the Producing Party shall use its best efforts to mark each viewable page or image with the appropriate designation. Native documents and databases will be marked by the Producing Party using a naming convention that conveys its confidentiality status, or some other appropriate means to communicate the confidential nature of the ESI that is agreed upon by the Parties.  If any Receiving Party prints or otherwise copies digitally produced Protected Material that the Producing Party did not mark pursuant to the preceding sentence, the Receiving Party shall mark such copies with the designation corresponding to the medium, container, or communication.

(c)    **Depositions and Testimony.**  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation under this Order by indicating on the record at the time the testimony is given or by sending written notice to the court reporter, counsel for the Parties, and any other person known to be in possession of the transcript that the testimony is so designated within fourteen (14) calendar days from receipt of the official transcript of the testimony.  Any designated Discovery Material used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.  In such cases, the court reporter shall be informed of this Protective Order and be required to act

consistently with this Order.  If (1) the deposition is recorded via video means and (2) the video contains testimony that either the Parties or the deponent have designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", the video technician shall mark the original and all copies of the video to indicate that the contents of the video are subject to this Order, substantially along the lines of "This video contains confidential testimony used in this case.  Its contents may only be viewed, displayed, or revealed in accordance with the Protective Order entered in this Litigation."  Counsel for any Producing Party shall have the right to exclude from oral depositions any person who is not authorized by this Order to receive Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

7.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects information that is confidential, proprietary business, financial, scientific, or of a technical nature which is not readily available to competitors, potential competitors and/or other non-Parties but which might become available to another party to the litigation as a result of this litigation.

(b)     Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following persons:

(i)     The Receiving Party's outside counsel and litigation counsel of record in this Litigation and any insurance company handling a claim related to this Lawsuit on behalf of the Receiving Party, and the supporting personnel employed in or by such counsel or insurer, including staff, paralegals, advisors, commercial copying vendors, data processing vendors, e-discovery vendors, and/or database services providers;

(ii)     Representatives for the Receiving Party who are officers, in-house counsel, or employees of the Party to whom disclosure is reasonably necessary for this Litigation, provided that such person has signed the acknowledgement form annexed hereto as **Exhibit A** agreeing to be bound by the terms of this Order;

(iii)     Any testifying expert or consultant who is retained by the Receiving Party to assist in this Litigation, provided that disclosure is only to the extent necessary to perform such work, and provided that such person has signed the acknowledgement form annexed hereto as **Exhibit A** agreeing to be bound by the terms of this Protective Order;

(iv)    Court reporters, stenographers, and videographers retained to record testimony taken in this Litigation;

(v)    The Court and Court personnel;

(vi)    Graphics, translation, design, or trial consulting services (including mock arbitrators) retained by a Party;

(vii)    Any other person with the prior written consent of the Producing Party; and

(viii)    Any mediator or settlement officer who is assigned to hear this matter, and his or her staff.

(c)    Any "CONFIDENTIAL" materials obtained by any Party from any Producing Party pursuant to discovery in this Litigation may be used solely for purposes of this lawsuit and shall not be used for any other purpose, including without limitation, any business, proprietary, commercial, legal/litigation, and/or governmental purpose.

## 8.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY"

(a)    A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" if it contains, reflects, or otherwise discloses (1) trade secrets, (2) research and development, manufacturing, operational or other highly sensitive technical, scientific or medical information, (3)

11

highly sensitive business related information, such as employee, customer, supplier, or financial information, (4) information or documents subject to an express obligation of confidentiality owed by the Producing Party to a third party, (5) strategic internal marketing materials that have not been disclosed to non-employees of either Party, except if such disclosure was made pursuant to a non-disclosure or confidentiality agreement, and/or (6) any other confidential information that the producing party believes to be competitive business information or that relates to competitive decision making to which the other party would not have access but for this litigation.

(b)    Discovery Material designated as "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)    The Receiving Party's outside counsel and litigation counsel of record in this Litigation, and the supporting personnel employed in or by such counsel, including staff, paralegals, advisors, commercial copying vendors, data processing vendors, e-discovery vendors, and/or database services providers;

(ii)    Any outside testifying expert or consultant who is specifically retained by the Receiving Party to assist in this Litigation, provided that disclosure is only to the extent necessary to perform such work, and provided

that such person has signed the acknowledgement form annexed hereto as **Exhibit A** agreeing to be bound by the terms of this Protective Order;

(iii)   Court reporters, stenographers, and videographers retained to record testimony taken in this Litigation;

(iv)   The Court and Court personnel;

(v)   Graphics, translation, design, or trial consulting services (including mock arbitrators) retained by a Party;

(vi)   Any other person with the prior written consent of the Producing Party; and

(vii)   Any mediator or settlement officer who is assigned per order of the Court to hear this matter, and his or her staff.

(c)   Any "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" materials obtained by any Party from any Producing Party pursuant to discovery in this Litigation may be used solely for purposes of this Litigation.

## 9.   <u>INDEPENDENT EXPERTS AND CONSULTANTS</u>

(a)   Outside experts or consultants receiving Protected Material may not be a current officer, director or employee of a Party or of a competitor of the Producing Party, and for a period of two years after conclusion of the litigation, may not serve

as an officer, director, employee, independent contractor or consultant of the Receiving Party without the prior written consent of the Producing Party.

(b)    Before receiving Protected Material under this Order, the proposed outside testifying expert or consultant shall execute a copy of the acknowledgement form annexed hereto as **Exhibit A**.

## 10.    <u>CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL</u>

(a)    A Party is not obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made.  A failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Discovery Material under this Order must be in writing, served on outside counsel for the Producing Party, and specifically identify the documents or information that the Receiving Party contends should be differently designated and the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The objecting Party shall bear the burden of conferring in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall provide its rationale for maintaining the disputed

designation.  Failing agreement, the objecting Party may move the Court for a ruling that the Discovery Material in question is improperly designated.  The Parties' agreement to this Order shall not preclude or prejudice any Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information; and

(ii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws the contested designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 11.  <u>SUBPOENAS OR COURT ORDERS</u>

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party and its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of confidential materials before any disclosure thereof by the recipient of the subpoena or Court order.

**12.**   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity, or other lawful privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity.

(b)     Pursuant to Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, the inadvertent disclosure of protected communications or information ("Privileged Material") shall not constitute a waiver of any privilege or other protection (including work product) for the Privileged Material or the subject matter of the Privileged Material if the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure.  The Producing Party will be deemed to have taken reasonable steps to prevent Privileged Material from inadvertent disclosure if the Producing Party utilized attorney review, keyword

16

search term screening, and/or linguistic tools in screening for privilege, work product or other protection.

(c)     In the event of the inadvertent disclosure of Privileged Material, the Producing Party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within ten (10) calendar days from the date that the inadvertent disclosure has been realized, the Producing Party notifies the Receiving Party of the inadvertent disclosure and instructs the Receiving Party to destroy or return promptly all copies of the inadvertently produced Privileged Material (including any and all work product containing such communications or information).

(d)     Upon receiving such a request from the Producing Party, the Receiving Party shall promptly return or confirm destruction of all copies of such inadvertently produced Privileged Material (including any and all work product containing such communications or information), and shall make no further use of such Privileged Material (or work product containing such Privileged Material).  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client, work product, or other designation of protection.  The protections against waiver afforded by this Order shall be applicable, to the fullest extent allowed by Rule 502 of the Federal Rules of Evidence, against both Parties and non-parties to this Litigation and in other proceedings in Federal and State Courts.

(e)     Notwithstanding this provision, counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems or a vendor's systems.

## 13.   <u>INADVERTENT FAILURE TO DESIGNATE</u>

(a)     A Producing Party's inadvertent failure to designate Discovery Material as Protected Material under this Order shall not waive its rights to subsequently make an appropriate designation, provided that the Producing Party notifies the Receiving Party of the correct designation within ten (10) calendar days of learning of its inadvertent failure to so designate.

(b)     A Receiving Party's use of such Discovery Material before receiving notice of the inadvertent failure to designate shall not constitute a violation of this Order.  Upon receiving such notice, the Receiving Party shall treat such Discovery Material according to its designation under this Order.  In the event the document has been distributed in a manner inconsistent with this designation, a Receiving Party will take the steps necessary to conform distribution to the designation:  i.e., returning all copies in its possession of the "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," as well as any non-privileged/work product notes or extracts thereof, to the persons authorized to possess such documents.  In the event distribution has occurred to a person not under

the control of a Receiving Party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing.  In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the Party deems the making of the request to be a futile act, the Party shall promptly notify the Producing Party of the distribution and the identity of the person or entity not under the control of the Receiving Party.

## 14.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)     If Discovery Material protected by this Order is disclosed to any person not authorized to receive such disclosure under this Protective Order, the Party responsible for such disclosure shall immediately take reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further unauthorized disclosure or use is made of the material, and if the disclosed Discovery Material cannot be retrieved, counsel for the improperly disclosing party shall notify counsel for the Producing Party of all known, relevant information concerning the nature and circumstances of the unauthorized disclosure.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the Producing Party's right to claim that the disclosed document or information still constitutes Protected Material.

15.   **FINAL DISPOSITION**

(a)    Within sixty (60) days after the final disposition of this Litigation each Party and all third Parties who obtained access to confidential information under this Order shall either return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy it at the option of the Producing Party.

(b)    Within sixty (60) days after the final disposition of this litigation, including all appeals therefrom, all Parties and third Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.

(c)    Notwithstanding the provisions for the return and destruction of Discovery Material, litigation counsel of record in this Litigation may retain pleadings, correspondence, and attorney and consultant work product (but not production) subject to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" designation for archival purposes.  Counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems or vendor systems.

16.  **<u>MISCELLANEOUS</u>**

(a)  **<u>Retention of Declarations</u>**.  The attorneys of record for the Receiving Party shall retain copies of the Declarations (in the form of Exhibit A) that have been executed by the Receiving Party's employees, consultants, and testifying experts. Such copies may be destroyed after the conclusion of the final disposition of this Litigation.

(b)  **<u>Right to Further Relief</u>**.  Nothing in this Order abridges any person's right to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive their right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(c)  **<u>Documents in Prior Possession of Receiving Party</u>**.  The confidentiality obligations of this Order shall not prohibit any use whatsoever by any Receiving Party of any information or documents that were, at the time of production to the Receiving Party, currently in the Receiving Party's lawful possession, custody or control without any obligations of confidentiality to the Producing Party under this Order or otherwise, or that later come into the possession of the party from others lawfully in possession of such information or documents who are not Parties to the lawsuit or bound by this Order or any other confidentiality obligation to the Producing Party.

(d)    **Termination of Litigation and Retention of Jurisdiction**.    The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.    The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Order.

(e)    **Obligation to Produce Protected Materials Subject to Law, Rule or Regulation**.    The confidentiality obligations of this Order shall not prohibit the disclosure by a Receiving Party of any information or documents that are required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if a Receiving Party is required to disclose a document or information designated by a Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," pursuant to any law, regulation, order, or rule of any governmental authority, the Receiving Party shall give immediate advance notice of no less than seven (7) calendar days of the date of any such required disclosure in writing to counsel for the Producing Party to afford the Producing Party the opportunity to seek legal protection from the disclosure of such information or documents.

(f)    **Legal Advice Based on Protected Materials**.   Nothing in this Order shall bar or otherwise restrict legal counsel from rendering advice to his or her client

22

with respect to this case and, in the course thereof, relying in a general way upon his/her examination of Protected Material produced or exchanged in this case, provided, however, that in rendering such advice and in otherwise communicating with his or her client, legal counsel shall not disclose the specific contents or substance or the specific source of any Protected Material produced by the other Party, except as permitted under this Order.

(g)   **Successors**.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, and consultants and experts retained in this case.

(h)   **Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any objection to the use in evidence of any of the material covered by this Order.  This Order shall not constitute a waiver of any Party's right to claim that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable or is not admissible in evidence in this Litigation or any other proceeding.

(i)   **Burdens of Proof**.  Nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether

particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(j)     **Copies of Protected Material**.   Except where otherwise specified, nothing in this Order shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of Protected Material for use in connection with this Litigation, and such working copies, abstracts, digests, and analyses shall have the same protection as the original material under the terms of this Order.   Further, except where otherwise specified, nothing in this Order shall restrict a qualified recipient from converting or translating Protected Material into machine-readable form for incorporation into a data retrieval system used in connection with this Litigation, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients under the terms of this Order.

(k)     **Jurisdiction**.   Each person receiving Protected Material under the terms of this Order hereby agrees to subject himself or herself to the jurisdiction of this Court solely for purposes of any proceedings relating to the performance under, compliance with, or violation of this Order.

(l)   **No Admissions**.  Compliance with this Order in no way constitutes an admission by any Party that any information designated pursuant to this Order is or is not proprietary, confidential, or a trade secret.

(m)   **Waiver of Notice**.  Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the Party against whom such waiver will be effective.

## 17.   TREATMENT OF PARTY OR THIRD-PARTY'S OWN INFORMATION OR ANALYSES OF OWN INFORMATION

Nothing herein shall restrict a Party with respect to the treatment and handling of its own information or of any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to a Party's own information.  For example, nothing herein shall restrict a Party from having access to designated materials that it produced in discovery or from having access to portions of any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to the designated materials that the Party has produced in discovery.  A Party shall be permitted to have access to portions of any expert reports, testimony or Court filings that address the Party's own designated materials.  Similarly, nothing herein shall restrict a Party from sharing with a third-party information that is from or belongs to that third-party.  For

example, a Party may share designated materials with a third-party that belong to that third-party.

## 18.    <u>FILING WITH THE COURT</u>

Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in paragraph 12 of the Court's Instructions to Parties and Counsel.

So ordered, this _____ day of _____, 2022.

_____
Judge Timothy C. Batten, Sr.
United States District Judge

Consented to:

    This 30th day of August, 2022.

**SPERRY IP LAW d/b/a VIVID IP**
*/s/Tayah Woodard*
Marcy L. Sperry
marcy@vividip.com
Tayah L. Woodard
tayah@vividip.com
3017 Bolling Way NE
Atlanta, Georgia 30305
(404) 474-1600

**BEKIARES ELIEZER, LLP**
Zachary Eyster
2870 Peachtree Rd. #512
Atlanta GA 30305
zeyster@founderslegal.com
Telephone: 404.537.3686

*Attorneys for Plaintiff Sama Camp, LLC*

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
*/s/ William C. Buhay*
William C. Buhay
wbuhay@wwhgd.com
Brianna A. Burrows
bburrows@wwhgd.com
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
Phone: 404-876-2700
Fax: 404-875-9433

*Attorneys for Defendants Sama Tea, LLC, Sama Beverages, LLC, Sama Worldwide, Inc., 100.co Global Holdings, LLC, Jay Shetty, Radhi Devlukia Shetty, Kim Perell, and James Brennan*

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SAMA CAMP, LLC,

      Plaintiff,

v.

SAMA TEA, LLC; SAMA
WORLDWIDE INC.; SAMA
BEVERAGES, LLC; 100.CO; JAY
SHETTY; RADHI DEVLUKIA
SHETTY; KIM PERELL; and JAMES
BRENNAN,

      Defendants.

CIVIL ACTION NO. 1:22-cv-01722-TCB

## <u>CONFIDENTIALITY AGREEMENT</u>

I have read and understand the Protective Order in the above-captioned action, dated _____. I agree to comply with and be bound by the provisions of said Order, and I understand the provisions prohibiting the disclosure of Protected Material and confidential information for any purpose or in any manner not connected with the prosecution or defense of this case. I further understand that should I fail to comply with the provisions of said Order I can be held in contempt of the Order and sanctioned by the Court for my noncompliance. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this Litigation.

Dated: _____      By: _____

                              (Title)