UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMA CAMP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SAMA TEA, LLC; SAMA WORLDWIDE INC.; SAMA BEVERAGES, LLC; 100.CO; JAY SHETTY; RADHI DEVLUKIA SHETTY; KIM PERELL; and JAMES BRENNAN,<br><br>    Defendants. | CIVIL ACTION NO. 1:22-cv-01722-TCB |

## REPLY BRIEF IN SUPPORT OF
## MOTION TO DISMISS COUNTERCLAIM

In response to Plaintiff's Motion to Dismiss Counterclaim [ECF No. 25] (the "Motion"), Defendants Sama Tea, LLC; Sama Worldwide Inc.; and Sama Beverages, LLC (the "Entity Defendants") rely on facts not present in their Counterclaim, misstatements of the facts that are present in their Counterclaim, and arguments unsupported by the law. More egregiously, the Entity Defendants tip their hand by repeatedly acknowledging that they can pinpoint less speculative claims once the parties have engaged in discovery. As explained herein, these acts are insufficient to overcome Plaintiff's Motion, and the Entity Defendants'

Counterclaim should be dismissed in its entirety.[1]

### A. The Entity Defendants' Claims Are Speculative and Should Not Proceed to Discovery.

The initial portion of the Entity Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss Counterclaim [ECF No. 29] (the "Response") focuses heavily on the perceived disadvantage they have faced in not being able to engage in discovery without following the judicial process. This theme runs throughout the Response, with the Entity Defendants pointedly referring to "the posture of this case (Plaintiff's motion was filed before the commencement of discovery." ECF No. 29 at 3. More bluntly, the Entity Defendants say the Motion "is premature as the Parties have not even begun discovery." *Id.* at 15.

But now is precisely the time for a motion to dismiss. *See In re HRN Grp.*, 627 B.R. 179, 185 (Bankr. N.D. Ga. 2021) ("Because discovery is primarily geared towards the merits of a case, neither the parties nor the court has any need for discovery before the court rules on [a motion to dismiss under Fed. R. Civ. P. 12(b)(6)]."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved

---

[1] Plaintiff incorporates by reference the "Factual Background" portion of its initial Memorandum in Support of Motion to Dismiss Counterclaim [ECF No. 25-1].

before discovery begins.").

Instead, what the Entity Defendants have revealed is that they have no factual basis upon which to base their Counterclaim and hope to skate by on poorly pled claims until discovery can confirm or assuage their suspicions. Thus, it is clear that the Entity Defendants are "seeking to change the logical sequence of litigation" by "seek[ing] discovery to learn whether [they] may be able to assert a valid claim." *Christie v. Royal Caribbean Cruises, Ltd.*, 497 F. Supp. 3d 1227, 1237 (S.D. Fla. 2020) (citation omitted). This is untenable, as "[p]arties may not file insufficient complaints with the hopes of receiving discovery to make them sufficient." *Id.* By relying on speculative, undefined claims, the Entity Defendants have failed to state a trademark cancellation counterclaim as a matter of law. Therefore, their Counterclaim should be dismissed.

**B.  The Court Should Disregard Additional Facts Not Pled in the Entity Defendants' Counterclaim.**

The Entity Defendants' Response contains several new facts that were not pled in their Counterclaim. This is plainly improper. *See Jensen v. Defs. Sec. Co.*, No. 1:17-CV-03693-TWT-AJB, 2018 WL 3910851, at *15–16 (N.D. Ga. July 25, 2018) (explaining that "a party cannot amend a complaint by asserting new facts or theories in response to a motion to dismiss" (citing *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (per curiam))). Accordingly, in

3

ruling on Plaintiff's Motion, the Court should disregard the following facts presented for the first time in the Entity Defendants' Response:

- "[W]hen a google search for 'Sama food for balance' is conducted, this 'hit' is returned showing the business is closed: ." ECF No. 29 at 2.

- "It is undisputed that Plaintiff no longer operates from its place of business located at 56 E Andrews Dr NW Suite 17, Atlanta, GA 30305." *Id.* at 3.

- "Similarly, given Plaintiff has not been operating out of its brick-and-mortar location since July 2021, the circumstances lead to the inference that Plaintiff has abandoned the Sama Mark since it could not have been using it for the classes of goods and services under its Registration without an operating location to carry out its business." *Id.* at 8–9.

- "Defendant's fraud allegations rest on the representations Plaintiff made to the USPTO in its trademark application for the Sama Mark and the subsequent filing of its statement of use. *Id.* at 10–11.

- "Plaintiff made a declaration that it had an intent to use the Sama Mark in connection with the laundry list of goods and services it listed in its July 2016 application." *Id.* at 11.

- "Plaintiff then made a declaration it was using the Sama Mark in connection with the full suite of goods and services in its subsequent August 2017 statement of use for Intl. Classes 3, 5, 29, 30, 32, 43, and 44." *Id.*

- "[T]he statements made by Plaintiff were the declarations in its trademark application and subsequent statement of use for the Sama Mark." *Id.*

- "[T]he content of such statements is that Plaintiff declared it had an intent to use and later on was using all the goods and services under the above listed International Classes which the USPTO relied on to grant the application for the Registration of the Sama Mark." *Id.* at 11–12.

These facts are neither included in the Counterclaim nor reasonably inferred from the allegations that do appear in the Counterclaim[2]; therefore, Defendant cannot rely on them to state a claim for trademark cancellation.

### C. The Entity Defendants Fail to State a Claim for Trademark Cancellation Based on Abandonment.

In its initial brief, Plaintiff laid out the six non-conclusory allegations supporting the Entity Defendants' abandonment claim. In response, the Entity Defendants mischaracterize their own allegations. For example, Plaintiff's initial brief highlighted the Entity Defendants' claim that "Upon information and belief, Plaintiff has never used, is not currently using, *or* has no intent to use or resume using the Sama Mark as shown in the Registration in connection with [the Goods]." ECF No. 25-1 at 9 (quoting Counterclaim ¶¶ 27–33) (emphasis added). This claim, Plaintiff explained, is worded in a way that fails to provide Plaintiff with notice of

---

[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

"which goods Plaintiff never sold, which goods it sold but is no longer selling, or when the sales ceased." *Id.* at 12.

In an attempt to dodge the indefinity of their own claim, the Entity Defendants' Response replaces the all-important "or" with "and." *See* ECF No. 29 at 8 (claiming to have alleged that Plaintiff "has never used, is not currently using, *and* has no intent to use or resume using the Sama Mark" (emphasis added)). What the Entity Defendants would likely characterize as semantics is essential to the understanding of their claim. The allegation, as stated in the Counterclaim, is "nothing more than [a] legal conclusion[ ] covering all the ways a trademark can be abandoned": "Plaintiff may have never started using the Mark with one, multiple, or all of the Goods, or it may have started using the Mark with one, multiple, or all of the categories of Goods and stopped—all while having either no intent to ever begin using the Mark or no intent to resume using the Mark after stopping." ECF No. 25-1 at 12, 14. But the allegation, as misstated in the Entity Defendants' Response, indicates that Plaintiff has never used the Mark with *any* of the goods and services listed in the Registration and never plans to. What is in reality a vague and speculative allegation is recast as specific and actionable in the Entity Defendants' Response. As stated in Section B, above, the Entity Defendants cannot fix their pleading deficiencies in their Response, either overtly or sneakily.

The Entity Defendants also emphasize that "an intent not to resume use of a trademark 'may be inferred from the circumstances.'" ECF No. 29 at 8 (quoting 15 U.S.C. § 1127). The only concrete circumstance in the Counterclaim on which they can hang their hat is Plaintiff's administrative dissolution, which was remedied upon Plaintiff's formal reinstatement. *See* ECF No. 25-1 at 9–11; ECF No. 25-2.[3] The Entity Defendants argue that "the strength of [their] evidence of corporate dissolution" is a matter for summary judgment (ECF No. 29 at 9)[4]; however, the Entity Defendants cannot even state an abandonment claim on this basis because, for all legal purposes, the dissolution never occurred. *See* ECF No. 25-2 at 1; O.C.G.A. § 14-11-603(4); *Stock Pot Rest., Inc. v. Stockpot, Inc.*, 737 F.2d 1576, 1581–81 (Fed. Cir. 1984) (where state statute gave reinstated corporation "same powers, duties and obligations as if it had not been dissolved," corporation had not abandoned trademark during dissolution period). In the absence of concrete,

---

[3] The Entity Defendants do not dispute the authenticity of the Certificate of Reinstatement [ECF No. 25-2].

[4] To support this argument, the Entity Defendants cite *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, No. 8:10-cv-2550-T-30 TGW, 2011 WL 398047, at *2 (M.D. Fla. Feb. 4, 2011). *Meth Lab Cleanup* does not prevent the Court from considering documents with undisputed authenticity that are central to the Entity Defendants' abandonment claim in general and dissolution argument in particular. *See SFM Holdings Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.").

nonspeculative claims about Plaintiff's alleged nonuse of the Mark and circumstances indicating Plaintiff no longer intends to use the Mark, the Entity Defendants' Counterclaim fails to assert a claim for trademark cancellation based on abandonment.

      **D.**    **The Entity Defendants Fail to State a Claim for Trademark Cancellation Based on Fraud.**

As with the Entity Defendants' abandonment argument, their fraud argument is also not supported by the facts alleged in the Counterclaim, no matter how the Entity Defendants attempt to contort them. As the Entity Defendants acknowledge, a fraud claim must state

> (1) precisely what statements were made in what documents or oral representations . . . , and (2) the time and place of each such statement and the person responsible for making . . . same, and (3) the content of such statements and the manner in which they misled the [USPTO], and (4) what the defendants obtained as a consequence of the fraud.

*Websters Chalk Paint Powder, LLC v. Annie Sloan Interiors, Ltd.*, No. 1:13-cv-2040-WSD, 2014 WL 4093669, at *30 (N.D. Ga. Aug. 18, 2014) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

The Entity Defendants claim these requirements are met because "Plaintiff made a declaration that it had an intent to use the Sama Mark in connection with the laundry list of goods and services it listed in its July 2016 application." ECF No. 29 at 11. The Counterclaim makes no mention of that declaration. Likewise, the Entity

8

Defendants argue that "Plaintiff then made a declaration it was using the Sama Mark in connection with the full suite of goods and services in its subsequent August 2017 statement of use for Intl. Classes 3, 5, 29, 30, 32, 43, and 44." *Id.* The Counterclaim also makes no mention of this declaration. In fact, the Counterclaim does not refer to any declaration or any document containing a statement at all.

So, when the Entity Defendants later contend that "it is obvious that Plaintiff precisely achieved its goal [of registering the Mark] when it completed the USPTO Application and statement of use which resulted in Registration of the Sama Mark," *id.*, it is neither obvious nor implied in the Counterclaim that Plaintiff made any statement in any document giving rise to a fraud claim. And, contrary to the Entity Defendants' arguments, it cannot "be inferred . . . that the USPTO relied on the statements made by Plaintiff," *id.*, because the Counterclaim makes no reference to any precise statements Plaintiff made or the documents in which they appear.

In sum, the Entity Defendants have not pled that "the statements made by Plaintiff were the declarations in its trademark application and subsequent statement of use for the Sama Mark," and they have not pled that "the content of such statements is that Plaintiff declared it had an intent to use and later on was using" the Mark. *Id.* No matter how much the Entity Defendants would like to replead their Counterclaim in their Response, doing so is improper. *See Jensen*, *supra*.

9

Without allegations containing the bedrock of an actionable statement and the document(s) in which it appears, the Entity Defendants have failed to state a claim for cancellation based on fraud on the USPTO.

### E. The Entity Defendants' Derivative Claim for Attorneys' Fees Should Be Dismissed.

The Entity Defendants do not dispute that their claim for attorneys' fees cannot remain in the absence of their substantive cancellation claim. Thus, if the Court determines that they fail to state a claim for cancellation, it should dismiss the entire Counterclaim.

### F. The Court Should Deny the Entity Defendants' Request to Amend after Discovery.

The Response ends with the Entity Defendants' request that they be granted "an opportunity to conduct discovery and then amend its Counterclaim" once it has evidence to support its cancellation claim. ECF No. 29 at 13. The Court should deny this request, as it would give the Entity Defendants the unmatched advantage of compelling discovery before pleading sufficient claims. *Cf. Christie*, 497 F. Supp. 3d at 1237 (denying plaintiff's request for "the opportunity to conduct discovery before amending his complaint" because "[p]arties may not file insufficient complaints with the hopes of receiving discovery to make them sufficient").

10

## CONCLUSION

The Entity Defendants have cannot cure their pleading deficiencies in a response brief, and they cannot rely on potential discovery to flesh out their speculative claims. Accordingly, their Counterclaim should be dismissed, and their request to conduct discovery before filing an amendment should be denied.

Respectfully submitted, this 7th day of September, 2022.

> **SPERRY IP LAW d/b/a VIVID IP**
> /Tayah L. Woodard/
> Marcy L. Sperry
> marcy@vividip.com
> Tayah L. Woodard
> tayah@vividip.com
> 3017 Bolling Way, NE
> Atlanta, Georgia 30305
> (404) 474-1600
>
> **BEKIARES ELIEZER, LLP**
> Zachary Eyster
> 2870 Peachtree Rd. #512
> Atlanta GA 30305
> zeyster@founderslegal.com
> Telephone: 404.537.3686
>
> *Attorneys for Plaintiff and Counter-Defendant Sama Camp, LLC*

## LOCAL RULE 7.1 COMPLIANCE CERTIFICATE

I hereby certify that the foregoing Reply Brief in Support of Motion to Dismiss was prepared using Times New Roman 14-point font, and otherwise conforms to the requirements of Local Rule 5.1(c) and 7.1.D.

This 7th day of September, 2022.

*/s/Tayah Woodard/*
Tayah Woodard