UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMA CAMP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SAMA TEA, LLC; SAMA WORLDWIDE INC.; SAMA BEVERAGES, LLC; 100.CO; JAY SHETTY; RADHI DEVLUKIA SHETTY; KIM PERELL; and JAMES BRENNAN,<br><br>    Defendants. | CIVIL ACTION NO. 1:22-cv-01722-TCB |

### MOTION TO STAY DISCOVERY PENDING RULING ON PLAINTIFF'S MOTION TO DISMISS

After filing its Motion to Dismiss [ECF No. 25], Plaintiff agreed to move forward with discovery while the motion was pending; however, Plaintiff was not anticipating that, in response to the motion, Defendants Sama Tea, LLC; Sama Worldwide Inc.; and Sama Beverages, LLC (the "Entity Defendants") would blatantly admit they plan to use discovery to cure the deficiencies in their Counterclaims. Now, to curb the Entity Defendants' planned reversal of the pleading and discovery processes, Plaintiff requests that the Court stay all discovery deadlines until fourteen days after it issues a ruling on the Motion to Dismiss or fourteen days after the Entity Defendants file a court-ordered amended counterclaim, whichever is

later.

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on May 1, 2022, alleging that Defendants infringed on Plaintiff's federally registered SAMA® trademark by selling substantially similar or identical goods under an identical trademark. *See generally* ECF No. 1. Prior to serving Defendants, Plaintiff amended the Complaint to allege additional facts and claims. *See* ECF No. 6. In addition to filing an answer to the Amended Complaint, the Entity Defendants counterclaimed for cancellation of Plaintiff's SAMA® trademark on the bases of abandonment and fraud on the U.S. Patent and Trademark Office. *See* ECF No. 18.

On August 11, 2022, Plaintiff moved to dismiss the Entity Defendants' Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* ECF No. 25. Prior to the deadline for the Entity Defendants to respond to Plaintiff's Motion to Dismiss, the parties' counsel agreed to move forward with discovery while the Motion was pending. Accordingly, the parties filed their Joint Preliminary Report and Discovery Plan on August 24, 2022. *See* ECF No. 30. The parties' discovery plan retroactively set the open of fact discovery for August 22, 2022, when both parties served their first set of discovery. *Id.* at 11. Fact discovery closes on October 14, 2022, and expert discovery closes on December 22, 2022. *Id.*

at 11, 12.[1] Plaintiff's responses to Defendants' first set of discovery requests are due September 21, 2022. *See* ECF No. 27; *see also* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3) (setting 30-day deadlines to respond to certain discovery requests).

In their response to Plaintiff's Motion to Dismiss, filed August 24, 2022, the Entity Defendants improperly asserted facts not presented in their Counterclaim or Plaintiff's Amended Complaint. *See generally* ECF No. 29; *see also* ECF No. 34, section (B). The Entity Defendants also requested that, in the event the Court grants Plaintiff's Motion to Dismiss, the Court also "grant [them] an opportunity to conduct discovery and then amend [their] Counterclaim." ECF No. 29 at 13. In its reply brief, Plaintiff asks that the Entity Defendants' request be denied, since the law does not afford claimants the right to conduct discovery before stating a valid claim pursuant to Federal Rules 8 and 9. *See* ECF No. 34, sections (A) & (F). Plaintiff now files this motion to stay the parties' pending discovery deadlines to comport with that authority.

## ARGUMENT AND CITATION OF AUTHORITY

### A. Standard of Review

"Matters pertaining to discovery are committed to the sound discretion of the

---

[1] The Court entered its Scheduling Order reflecting these deadlines on August 30, 2022. *See* ECF No. 31.

district court . . . ." *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11 Cir. 1990). Accordingly, the Court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985).

      **B.**    **<u>A Stay of Discovery Will Prevent the Entity Defendants from Circumventing Their Pleading Requirements</u>.**

Pleadings, including counterclaims, must "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Claims based on fraud, like the Entity Defendants' Counterclaim, must also meet the heightened standard of Rule 9(b), which requires that the circumstances of the fraud be stated with particularity. Fed. R. Civ. P. 9(b). Pleadings that do not meet these pleading standards are subject to dismissal for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

Each of these steps—pleading a viable claim and surviving a motion to dismiss for failure to state a claim—is required to proceed to discovery on a claim. The Supreme Court, Eleventh Circuit, and courts across the nation recognize this basic principle of federal procedure.[2] And yet, the Entity Defendants have openly

---

[2] *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127 (11th Cir. 2014) ("[W]hy should parties wait until discovery to identify, with precision, the subject

stated their intention to circumvent this process by using discovery to fill the gaps in their poorly pled Counterclaim. Plaintiff has asked the Court to deny their request, *see* ECF No. No. 34, sections (A) & (F); however, given that the pending discovery

---

of the litigation? That is exactly backward. Civil pleadings are supposed to mark the boundaries for discovery; discovery is not supposed to substitute for definite pleading."); *In re Smith*, 849 F. App'x 867, 872 (11th Cir. 2021) ("Allowing a case to proceed to discovery on a facially invalid claim 'does nothing but waste the resources of the litigants in the action before the court, . . . squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.'" (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997))); *Christie v. Royal Caribbean Cruises, Ltd.*, 497 F. Supp. 3d 1227, 1237 (S.D. Fla. 2020) (denying plaintiff's request for "the opportunity to conduct discovery before amending his complaint" because such request sought to "change the logical sequence of litigation," since "[p]arties may not file insufficient complaints with the hopes of receiving discovery to make them sufficient" (citations omitted)); *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 328 (4th Cir. 2001) ("While Rule 8 is a liberal standard, plaintiffs cannot simply promise the court that once they have completed discovery, something will turn up."); *Webb v. EverHome Mortg.*, 704 F. App'x 327, 330 (5th Cir. 2017) (Rule 9(b) "serve[s] as a gatekeeper to discovery and a tool to weed out meritless fraud claims sooner than later" (citation omitted)); *Agema v. City of Allegan*, 826 F.3d 326, 332 (6th Cir. 2016) ("[A]llowing . . . [a] conclusory complaint to proceed to discovery runs counter to the Supreme Court's objective of sparing defendants the burden of a time-consuming and expensive discovery process when the complaint is defective."); *16630 Southfield Ltd. v. Flagstar Bank*, 727 F.3d 502, 504 (6th Cir. 2013) (Rule 8 "prevents plaintiffs from launching a case into discovery . . . when there is no reasonable likelihood that they can construct a claim from the events related in the complaint." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007))); *Frey v. The Town of Jackson*, 41 F.4th 1223, 1243 (10th Cir. 2022) ("[I]n *Twombly*, . . . the Supreme Court rejected the idea that a plaintiff may proceed to discovery armed with just a belief that discovery might reveal facts to support his claims."); *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1310 (Fed. Cir. 2011) (explaining that Rule 9(b) "acts as a safety valve to assure that only viable claims alleging fraud or mistake are allowed to proceed to discovery").

deadlines could permit the Entity Defendants to receive discovery prior to the Court's ruling on the Motion to Dismiss, discovery must be stayed to ensure their intentions are not actualized.

### C. The Parties Will Not Be Prejudiced by a Stay.

At this stage, the parties have exchanged their first set of discovery but have not served responses and have not scheduled depositions. Moreover, because this case not yet five months old, the parties have not expended significant resources in bringing or defending their claims. Thus, the parties are will not be prejudiced by a stay of discovery.

### CONCLUSION

To prevent the Entity Defendants from subverting the pleading process, the Court should require them to sufficiently plead their claims without the benefit of discovery. Accordingly, Plaintiff respectfully requests that the Court stay all pending discovery deadlines—including the parties' September 21, 2022, deadline to respond to each other's first set of requests—until fourteen days after the Court rules on the Motion to Dismiss or the Entity Defendants file a court-ordered amended counterclaim, whichever is later.

Respectfully submitted, this 13th day of September, 2022.

**SPERRY IP LAW d/b/a VIVID IP**
/Tayah L. Woodard/
Marcy L. Sperry
marcy@vividip.com
Tayah L. Woodard
tayah@vividip.com
3017 Bolling Way, NE
Atlanta, Georgia 30305
(404) 474-1600

**BEKIARES ELIEZER, LLP**
Zachary Eyster
2870 Peachtree Rd. #512
Atlanta GA 30305
zeyster@founderslegal.com
Telephone: 404.537.3686

*Attorneys for Plaintiff and Counter-Defendant Sama Camp, LLC*

## **LOCAL RULE 7.1 COMPLIANCE CERTIFICATE**

I hereby certify that the foregoing Motion to Stay Discovery Pending Ruling on Plaintiff's Motion to Dismiss was prepared using Times New Roman 14-point font, and otherwise conforms to the requirements of Local Rule 5.1(c) and 7.1.D.

This 13th day of September, 2022.

/s/Tayah Woodard/
Tayah Woodard