IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMA CAMP, LLC, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | FILE NO.: 1:22-cv-1722-TCB |
| ) | |
| SAMA TEA, LLC; SAMA ) | |
| WORLDWIDE, INC.; ) | |
| SAMA BEVERAGES, LLC; 100.CO; ) | |
| JAY SHETTY; RADHI DEVLUKIA ) | |
| SHETTY, KIM PERELL; and ) | |
| JAMES BRENNAN ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
MOTION TO STAY DISCOVERY PENDING
RESOLUTION ON PLAINTIFF'S MOTION TO DISMISS**

Defendants oppose Plaintiff's Motion because there is no justifiable reason for the Court to stay discovery, because Defendants have already incurred significant time and expense in preparing and responding to discovery, and because a delay in the resolution of this case prejudices all the Parties. The Court should deny the Motion to Stay.

**I.      Background on the Abandonment Issue in the Case.**

Plaintiff contends that its Motion to Stay arises out of the response that Defendant Tea Worldwide, Inc. f/k/a Sama Worldwide, Inc. ("**Defendant TWI**")

filed to Plaintiff's Motion to Dismiss ("**MTD**"), but that contention is suspect. Defendant TWI's Counterclaim seeks the cancellation of Plaintiff's registration of its trademark in the word "Sama" (the "**Sama mark**") based on grounds of abandonment and fraud. But these are not novel issues.

More than a year before Plaintiff filed this suit in May 2022, Defendant TWI filed Cancellation Proceeding No. 92077032 (the "**TTAB Proceeding**")[1] in the United States Trademark Trial and Appeal Board (the "**Board**") on April 29, 2021, contending that Plaintiff had abandoned the Sama mark. *See* Defendant TWI's Counterclaim at Para 12. Likewise, Plaintiff knew that abandonment and fraud were issues in this case on July 21, 2022, when each of the six Defendants answered the Plaintiff's Amended Complaint and raised abandonment and fraud as affirmative defenses, with Defendant TWI also asserting its Counterclaim for Cancellation based on abandonment and fraud. *See, e.g., id.*, Defendant TWI's Fourth Defense at Subparagraphs A and C.

Thus, none of the abandonment issues were novel or new to Plaintiff. It has always known that these issues would be the subject of extensive discovery and that defeating these issues was and is vital to Plaintiff's success. Yet inexplicably,

---

[1] After initially defaulting on its duty to answer the TTAB Proceeding, Plaintiff persuaded the Board to open the default. As a result of the institution of this lawsuit, the Board has stayed the TTAB Proceeding.

Plaintiff now seeks to stay and delay discovery pending a ruling on its MTD. For the reasons stated below, the Court should deny this Motion.

## II. There are Three Compelling Reasons Why the Court should Deny the Plaintiff's MTS.

### A. Plaintiff should have sought a stay in discovery in the Joint Preliminary Planning Report and Discovery Plan.

In lieu of filing an answer to Defendant TWI's Counterclaim, Plaintiff filed its MTD on August 11, 2022. *See* DOC 25. It filed that MTD knowing that, as early as April of 2021, Defendant TWI has contended that Plaintiff abandoned the Sama mark. Yet, despite its knowledge that abandonment and fraud were issues in the case and despite the pendency of its MTD, Plaintiff agreed to and submitted the Parties Joint Preliminary Report and Discovery Plan (the "JPR") on August 24, 2022. *See* DOC 30. And it did not object to the Court's entry of the Scheduling Order in this case on August 26, 2022 (DOC 31).

Both the JPR and the Scheduling Order set forth an aggressive plan for the completion of discovery. The Scheduling Order provides that Fact Discovery began on August 22, 2022, and ends on October 14, 2022. Expert discovery begins on October 31, 2022, and ends on December 22, 2022. Plaintiff agreed to those deadlines with full knowledge that the issues of abandonment and fraud in the procurement of the Sama mark was and are pivotal issues in the case.

Yet, now it wants to change its mind and postpone discovery. While that effort begs the questions, "Why didn't Plaintiff raise this issue earlier" and "What is Plaintiff hiding?", it is not grounds to postpone discovery in this case. Further, Plaintiff never explains how or why it will be prejudiced if the stay is denied. It never identifies any specific discovery request served by Defendants that it finds over burdensome or prejudicial. Instead, the main purpose of the MTS seems to be to re-argue the points that Plaintiff made in its MTD.

Plaintiff claims granting a stay "will prevent [Defendant TWI] from circumventing [its] pleading requirements," but it never explains how this is so. The only logical conclusion is that Plaintiff fears that the information Defendants seek in discovery will support Defendant TWI's Counterclaim. But again, that is not a basis to delay the inevitable by staying discovery. And these are insufficient grounds to delay discovery in its dispute which has been pending between the Parties as far back as April 2021. The Court should deny the motion to stay discovery.

**B.    Discovery is needed regardless of the outcome of the Motion to Stay.**

As noted, all six Defendants have raised abandonment as an affirmative defense. All six are entitled to discovery as to how, when, where, and for how long Plaintiff has used the Sama mark in commerce. All six are entitled to

discovery as to Plaintiff's alleged damages. Thus, even if Defendant TWI had not filed its Counterclaim, these issues would all be ripe for discovery, and whether the Court grants or denies the MTD is irrelevant to the fact that the Defendants are entitled to this discovery. Moreover, as noted, Plaintiff has failed to articulate how any of Defendant TWI's discovery requests would be mooted or otherwise irrelevant if the MTD was granted. In short, Plaintiff's Motion lacks merit, and the Court should deny it.

### C. **The Defendants are prejudiced by the issuance of a stay in discovery.**

Plaintiff claims that a stay will not cause prejudice to the Defendants. It claims that parties have not expended significant resources. Both claims are wrong.

To date, the Defendants have incurred over $100,000 in legal fees and expenses in this case. As of September 13, 2022, the date Plaintiff filed its MTS, Defendants' counsel had invested thousands of dollars in time and effort drafting discovery, interviewing its clients and their representatives, and locating and reviewing documents and information needed to prepare responses to the twelve (12) separate sets of interrogatories and requests for production of documents that Plaintiff have served on the Defendants. A stay in discovery would deprive the Defendants of immediate benefit from that investment in time and resources.

Likewise, Plaintiff's claim that the parties have not exchanged responses is not quite correct. On September 6, 2022, a full week before Plaintiff filed its motion to stay, Defendant TWI produced to Plaintiff Defendant TWI's life to date combined Profit and Loss Statement. That statement details by each month and year Defendant TWI's revenues, expenses, and the extensive losses that Defendant TWI has sustained over its lifetime in conjunction with the use of the Sama mark. Importantly, Defendant TWI did not object to the discovery of its financial records; it did not delay; it promptly produced its confidential financial information (which is the subject of no less than six of Plaintiff's discovery requests) within a week of the Court's entry of the August 31, 2022 Protective Order.

Perhaps of most importance is the fact that both the Plaintiff and the Defendants are living in a state of uncertainty as to which, if any, of them have the right to use Sama mark in connection with the sale of tea. The longer that dispute drags on, the greater the potential harm and exposure to all of the Parties. Put simply, this matter needs to end as soon as possible, and the Court's denial of the Motion to Stay is needed to expedite that resolution.

### III. **Conclusion.**

Because the Plaintiff has failed to state any justifiable basis to stay discovery, the Defendants respectfully ask that the Court deny Plaintiff's Motion.

Respectfully submitted this 21st day of September, 2022.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ William C. Buhay*
William C. Buhay
Georgia Bar No. 093940
Brianna A. Burrows
Georgia Bar No. 915353

*Attorneys for All Named Defendants*

3344 Peachtree Rd., NE
Suite 2400
Atlanta, Georgia  30326
Ph:  404-876-2700
wbuhay@wwhgd.com
bburrows@wwhgd.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D. (N.D. Ga.) in that it is composed in 14-point Times New Roman font.

This 21st day of September, 2022.

*/s/ William C. Buhay*
William C. Buhay
Georgia Bar No. 093940

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing *Defendants' Response In Opposition To Motion To Stay Discovery Pending Resolution On Plaintiff's Motion To Dismiss* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Marcy L. Sperry
Tayah L. Woodard
SPERRY IP LAW d/b/a VIVID IP
3017 Bolling Way, NE
Atlanta, Georgia 30305
tayah@vividip.com
marcy@vividip.com

*Attorneys for Plaintiff*

Zachary Eyster
BEKIARES ELIEZER, LLP
2870 Peachtree Rd., #512
Atlanta GA 30305
zeyster@founderslegal.com

*Attorneys for Plaintiff*

This 21st day of September, 2022.

3344 Peachtree Rd., NE
Suite 2400
Atlanta, Georgia 30326
Ph: 404-876-2700
wbuhay@wwhgd.com
bburrows@wwhgd.com

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ William C. Buhay*
William C. Buhay
Georgia Bar No. 093940
Brianna A. Burrows
Georgia Bar No. 915353

*Attorneys for All Named Defendants*