UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMA CAMP, LLC,

     Plaintiff,

v.

TEA WORLDWIDE INC.; 100.CO;
JAY SHETTY; RADHI DEVLUKIA
SHETTY; KIM PERELL; and JAMES
BRENNAN,

     Defendants.

CIVIL ACTION NO. 1:22-cv-01722-TCB

## ANSWER TO COUNTERCLAIM

Plaintiff and Counterclaim-Defendant Sama Camp, LLC ("Sama Camp"), by and through the undersigned counsel, answers Defendant Tea Worldwide Inc.'s Counterclaim [ECF No. 18 at 28–40] as follows.

## PARTIES, JURISDICTION AND VENUE

1.

By virtue of initiating the above-captioned action, Plaintiff has submitted itself to the jurisdiction of this venue and Court.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 1.**

2.

Jurisdiction is otherwise proper before this Court pursuant to 28 U.S.C. §§ 1331 and 1338, and under its supplemental jurisdiction of 28 U.S.C. § 1367.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 2.**

3.

Venue is otherwise proper pursuant to 28 U.S.C. § 1391.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 3.**

**STATEMENT OF FACTS**

4.

On June 17, 2020, Sama Worldwide, Inc.'s predecessor, Sama Tea, LLC, was organized under the laws of the state of California. *See* the true and correct copy of the State of California LLC Registration - Articles of Organization attached hereto as Exhibit 1 and incorporated herein by reference.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 4.**

5.

On August 24, 2020, Sama Tea, LLC changed its name to Sama, LLC. *See* the true and correct copy of the State of California Secretary of Sate Amendment to Articles of Organization of a Limited Liability Company attached hereto as Exhibit 2 and incorporated herein by reference.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 5.**

6.

On March 18, 2021, Sama, LLC filed to conduct business as a foreign limited

liability company in the State to transact business in the State of Florida. In its application, Sama, LLC included a Written Consent to Adopt Alternate Name for us in the State of Florida, with that alternate name being Sama Beverages, LLC. Sama Beverages, LLC was filed as Sama, LLC's name in Florida on March 18, 2021. *See* the true and correct copy of Sama, LLC's Florida registration attached hereto as Exhibit 3 and incorporated herein by reference.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 6.**

7.

Between the dates of August 18, 2021, and August 24, 2021, Sama, LLC converted itself from a California limited liability company to a Delaware corporation named Sama Worldwide, Inc. *See* true and correct copies of the conversion documents contained at Exhibit 4 and incorporated herein by reference.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 7.**

8.

As of August 24, 2021 and through the present, the proper legal name of Sama Tea, LLC and Sama Beverages, LLC is Sama Worldwide, Inc.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 8.**

9.

Sama Worldwide, Inc. has been and will be damaged by U.S. Registration No.

5,325,040 (the "Plaintiff's Registration") issued on October 31, 2017, to Plaintiff for the mark SAMA (the "Sama Mark").

**ANSWER: Sama Camp denies the allegations contained in Paragraph 9.**

10.

Sama Worldwide, Inc. is the owner of U.S. Trademark Application Serial No. 90/016,315 filed on June 23, 2020, for the mark SAMA in connection with "Tea; Beverages made of tea" (the "Sama Worldwide Application") in International Class 30.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 10.**

11.

The USPTO rejected the Sama Worldwide Application.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 11 to the extent they indicate the USPTO "rejected" the Sama Worldwide Application. The USPTO refused to register the Sama Worldwide Application based on Sama Camp's prior registration of the SAMA® trademark in connection with goods identical to the ones Tea Worldwide sought to sell.**

12.

Because of its reasonable and good faith belief that Plaintiff had abandoned

the Plaintiffs Registration and the Sama Mark, Sama Worldwide, Inc. instituted a Cancellation Proceeding in the United States Trademark Trial and Appeal Board (the "Board") on April 29, 2021, the same being Cancellation No. 92077032 (the "TTAB Proceeding").

**ANSWER: Sama Camp is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12.**

13.

On April 30, 2021, the Board issued a Notice of Institution of the TTAB Proceeding.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 13.**

14.

Plaintiff failed to respond to the Board's Notice of Institution, and on June 19, 2021, the Board issued a Notice of Default to Plaintiff.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 14 but clarifies that Sama Camp did not receive proper notice of the TTAB proceeding until July 2021.**

15.

In an effort to harass, intimidate, scare, and "cancel" Sama Worldwide, Inc.,

Plaintiffs principal, Shannon Sliger, sent an Instagram direct message to Sama Worldwide, Inc.'s agent, James Brennan, on September 29, 2021 which states as follows: "Willful infringement", "Not going federal court. Going next 'me too' movement via media."

**ANSWER: Sama Camp admits that Shannon Sliger sent the referenced Instagram message to James Brennan; however, Sama Camp denies that the message was sent "[i]n an effort to harass, intimidate, scare, and 'cancel'" Tea Worldwide.**

16.

Despite being aware of the TTAB Proceeding, Plaintiff delayed filing this Action for more than a year after Sama Worldwide, Inc. instituted the TTAB Proceeding.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 16 but clarifies that Sama Camp did not receive proper notice of the TTAB proceeding until July 2021.**

17.

On June 17, 2022, Sama Worldwide, Inc. served Plaintiff with written discovery requests in the TTAB Proceeding.

**ANSWER: Sama Camp admits the allegations contained in Paragraph**

**17.**

18.

Only after Plaintiff received Sama Worldwide, Inc.'s written discovery requests did Plaintiff bother to seek the suspend the TTAB Proceeding, with its motion to suspend being filed on June 22, 2022.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 18.**

19.

The Plaintiffs abandonment of Plaintiffs Registration and the Sama Mark negates the claims that Plaintiff has asserted in its Amended Complaint.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 19.**

**COUNT I**

**Cancellation of Plaintiff's Registration**

20.

Defendant Sama Defendant repleads and incorporates by reference the foregoing paragraphs of this Answer as if fully restated herein.

**ANSWER: Sama Camp incorporates its answers to the foregoing paragraphs.**

21.

This counterclaim is being asserted within five (5) years of the issuance of the Plaintiffs Registration.

Upon information and belief, at the time of Defendant Sama Worldwide's Application, namely, June 23, 2020, Plaintiff was no longer active or conducting any business or making use of the Plaintiffs Registration or the Sama Mark.

**ANSWER: Sama Camp admits that Tea Worldwide's Counterclaim was asserted within five years of the issuance of Sama Camp's SAMA® trademark registration but denies the remaining allegations contained in Paragraph 21.**

22.

According to the online records maintained by the Georgia Secretary of State (the "Secretary"), the Secretary issued and sent a Notice of Intent to Administratively Dissolve Plaintiff to Plaintiff on June 17, 2019. A true and correct copy of said Notice is attached hereto as Exhibit 5 and is incorporated in herein by reference.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 22 but notes that the Georgia Secretary of State reinstated Sama Camp's corporate registration on July 12, 2021, rendering the Notice of Intent to Administratively Dissolve null. *See* O.C.G.A. § 14-11-603(4). A true and correct copy of the Certificate of Reinstatement is attached to this Answer as Exhibit A.**

23.

According to the online records maintained by the Secretary, the Secretary issued and sent a Certificate of Administrative Dissolution/Revocation of Plaintiff to Plaintiff on August 26, 2019. A true and correct copy of said Certificate is attached hereto as Exhibit 6 and is incorporated in herein by reference.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 23 but notes that the Georgia Secretary of State reinstated Sama Camp's corporate registration on July 12, 2021, rendering the Certificate of Administrative Dissolution/Revocation null.** *See* **O.C.G.A. § 14-11-603(4);** *see also* **Exhibit A.**

24.

The Certificate attached at Exhibit 6 states, among other things, that Plaintiff:

was mailed a notice in accordance with Title 14 of the Official Code of Georgia Annotated and was involuntarily or administratively dissolved or its certificate of authority revoked by the Office of Secretary of State on 08/26/2019 for failure to file its annual registration and/or failure to maintain a registered agent or registered office in this state. **This certificate is issued pursuant to Title 14 of the Official Code of Georgia Annotated and is prima-facie evidence of the existence or nonexistence of the facts stated herein.** (Emphasis added).

**ANSWER: Sama Camp admits the allegations contained in Paragraph 24 but notes that the Georgia Secretary of State reinstated Sama Camp's**

corporate registration on July 12, 2021 rendering the Certificate of Administrative Dissolution/Revocation null. *See* O.C.G.A. § 14-11-603(4); *see also* Exhibit A.

25.

As of August 26, 2019, Plaintiff was no longer in existence as a Georgia limited liability company.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 25.**

26.

Upon information and belief, Plaintiff abandoned the Sama Mark shown in Plaintiffs Registration pursuant to Section 14(3) and (6) of the Trademark Act, 15 U.S.C. § 1064(3) and (6).

**ANSWER: Sama Camp denies the allegations contained in Paragraph 26.**

27.

Upon information and belief, Plaintiff has never used, is not currently using, or has no intent to use or resume using the Sama Mark as shown in the Registration in connection with "Non-medicated skin care preparations, namely, organic and herbal facial cleansers, skin cleansers, bath oils and bath salts, skin peels, face and body moisturizers, body scrubs, skin calming lotions, facial serums" in Intl. Class 3.

**ANSWER: Sama Camp admits that it has never used the SAMA®**

**trademark with organic and herbal facial cleansers, skin cleansers, bath oils, skin peels, face and body moisturizers, body scrubs, skin calming lotions, or facial serums; however, Sama Camp denies that it has no intent to use the SAMA® trademark with the foregoing goods. Sama Camp further denies that it has never used, is not currently using, or has no intent to use or resume using the SAMA® trademark with bath salts.**

28.

Upon information and belief, Plaintiff has never used, is not currently using, or has no intent to use or resume using the Sama Mark as shown in the Registration in connection with "Herbal supplements; Nutritional supplements" in Intl. Class 5.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 28.**

29.

Upon information and belief, Plaintiff has never used, is not currently using, or has no intent to use or resume using the Sama Mark as shown in the Registration in connection with "Hummus chick pea paste" in Intl. Class 29.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 29.**

30.

Upon information and belief, Plaintiff has never used, is not currently using, or has no intent to use or resume using the Sama Mark as shown in the Registration

in connection with "Salad dressings; Tea" in Intl. Class 30.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 30.**

31.

Upon information and belief, Plaintiff has never used, is not currently using, or has no intent to use or resume using the Sama Mark as shown in the Registration in connection with "Fruit juices; Vegetable-fruit juices" in Intl. Class 32.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 31.**

32.

Upon information and belief, Plaintiff has never used, is not currently using, or has no intent to use or resume using the Sama Mark as shown in the Registration in connection with "Food preparation services; Restaurant services" in Intl. Class 43.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 32.**

33.

Upon information and belief, Plaintiff has never used, is not currently using, or has no intent to use or resume using the Sama Mark as shown in the Registration in connection with "Health spa services for health and wellness of the body and spirit; Wellness and health-related consulting services" in Intl. Class 44.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 33.**

34.

Upon information and belief, Plaintiff discontinued and abandoned the use of the SAMA mark at least as early as August 2019.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 34.**

35.

Upon information and belief, for at least three consecutive years, Plaintiff has not used the Sama Mark in connection with the list of goods and services identified in the Plaintiffs Registration, thereby constituting prima facie evidence of abandonment of the Sama Mark as shown in the Plaintiff's Registration and pursuant to 15 U.S.C. § 1127.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 35.**

36.

In view of Plaintiffs non-use and abandonment of the Sama Mark, Plaintiff is not entitled to continued registration of the Sama Mark pursuant to Sections 14(3) and (6) of the Trademark Act, 15 U.S.C. § 1064(3) and (6), and, as such, the Plaintiffs Registration should be cancelled.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 36.**

37.

Sama Worldwide, Inc.'s attempt to register the mark as shown in the Sama Worldwide Application has been impaired by the continued registration of the

Plaintiffs Registration and the Sama Mark.

**ANSWER: Sama Camp admits the allegations contained in Paragraph 37.**

38.

Upon information and belief, Plaintiff lacked an intent to use one or more of the goods listed in the application that resulted in Plaintiffs Registration at the time of filing of the application.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 38.**

39.

Upon information and belief, Plaintiff failed to use the mark on one or more the listed goods in the application that resulted in Plaintiffs Registration within the period of time for filing a statement of use.

**ANSWER: Sama Camp admits that it has not used the SAMA® trademark with organic and herbal facial cleansers, skin cleansers, bath oils, skin peels, face and body moisturizers, body scrubs, skin calming lotions, or facial serums; however, Sama Camp denies that it did not use the SAMA® trademark with bath salts or any other good or service listed in the SAMA® registration within the period of time for filing a statement of use.**

40.

Upon information and belief, the Plaintiff falsely and fraudulently represented to the USPTO that it was using or was planning to use the Sama Mark in commerce on or in connection with some or all of the goods or services recited in the Plaintiffs Registration.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 40.**

41.

For the foregoing reasons, Sama Worldwide, Inc. is entitled to an order from the Court cancelling the Plaintiffs Registration and the Sama Mark.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 41.**

**COUNT II**

**Attorney's Fees Pursuant to O.C.G.A. § 13-6-11)**

42.

Sama Worldwide, Inc. repleads and incorporates by reference the foregoing paragraphs of this Answer as if fully restated herein.

**ANSWER: Sama Camp incorporates its answers to the foregoing paragraphs.**

43.

The foregoing acts of Plaintiff, including the act of securing the Plaintiffs Registration and the Sama Mark on goods for which Plaintiff did not intend to use

in commerce or which it then abandoned, were undertaken in bad faith, are stubbornly litigious, and have caused Sama Worldwide, Inc. unnecessary trouble and expense.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 43.**

44.

The act of Plaintiff, through its principal, Shannon Sliger, in threatening to "me too" the Plaintiff and its agent are likewise in bad faith, are stubbornly litigious, and have caused Sama Worldwide, Inc. unnecessary trouble and expense.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 44.**

45.

The acts of Plaintiff in continuing to assert rights to the Sama Mark despite having abandoned same are in bad faith, are stubbornly litigious, and have caused Sama Worldwide, Inc. unnecessary trouble and expense.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 45.**

46.

Pursuant to O.C.G.A. § 13-6-11 and for the foregoing reasons, Sama Worldwide, Inc. is entitled to an award of its attorney's fees and expenses of litigation in an amount to be determined by the finder of fact at trial.

**ANSWER: Sama Camp denies the allegations contained in Paragraph 46.**

## JURY TRIAL DEMANDED

### 47.

Defendant Sama Worldwide demands a trial by jury on all issues in this case.

**ANSWER: No answer is necessary for this allegation.**

**WHEREFORE**, Sama Worldwide, Inc. respectfully prays that the Court enter judgment in its favor which awards Defendant Sama Worldwide the following relief:

A.    A trial by jury on all issues triable;

B.    A judgment for Cancellation of the Plaintiffs Registration and the Sama Mark pursuant to Count I of this Counterclaim;

C.    A judgment for attorney's fees and expenses of litigation pursuant to Count II of this Counterclaim to reimburse Sama Worldwide, Inc. for the reasonable and necessary attorney's fees it incurs in this matter in an amount to be determined by the enlightened conscience of the finder of fact;

D.    A judgment for all of Sama Worldwide, Inc.' s costs; and

E.    A judgment awarding Sama Worldwide, Inc. such other and further relief this Court deems just and necessary.

**ANSWER: Other than a trial by jury, Sama Camp denies that Tea**

**Worldwide is entitled to any of the above-listed forms of relief.**

## COUNTERCLAIM DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Tea Worldwide's Counterclaims fail to state a claim upon which relief can be granted because Tea Worldwide has not stated a claim for cancellation of Sama Camp's SAMA® trademark pursuant to 15 U.S.C. §§ 1064 & 1119 and is not entitled to attorney's fees under O.C.G.A. § 13-6-11.

### SECOND DEFENSE

Tea Worldwide's claims are barred by Sama Camp's prior registration and use of the SAMA® trademark, which supersede Tea Worldwide's later application and use of an identical mark with identical goods.

### THIRD DEFENSE

Tea Worldwide's claims are barred in whole or in part by its unclean hands, given that Tea Worldwide has unlawfully and willfully infringed upon Sama Camp's valid and enforceable SAMA® trademark.

### FOURTH DEFENSE

Tea Worldwide lacks standing to assert the claims in the Counterclaim, as it does not own U.S. Trademark Application Serial No. 90/016,315 and has not been damaged by Sama Camp's continued registration and use of the SAMA® trademark.

## ADDITIONAL DEFENSES

To the extent all possible affirmative defenses have not been alleged herein due to the unavailability of facts after a reasonable inquiry as of the date of this Answer, Sama Camp reserves the right to assert additional defenses if warranted by further investigation.

## RELIEF REQUESTED

Sama Camp denies that Tea Worldwide is entitled to any of the relief requested in the Counterclaim and, therefore, requests that the Court: (a) dismiss the Counterclaim in its entirety, with prejudice; (b) enter a judgment in favor of Sama Camp against Tea Worldwide as to all claims in the Counterclaim; and (c) award Sam Camp any other relief as the Court deems just and proper.

Respectfully submitted, this 25th day of October, 2022.

SPERRY IP LAW d/b/a VIVID IP
/Tayah L. Woodard/
Marcy L. Sperry
marcy@vividip.com
Tayah L. Woodard
tayah@vividip.com
3017 Bolling Way, NE
Atlanta, Georgia 30305
(404) 474-1600

BEKIARES ELIEZER, LLP
Zachary Eyster
2870 Peachtree Rd. #512
Atlanta GA 30305

zeyster@founderslegal.com
Telephone: 404.537.3686

*Attorneys for Plaintiff and Counter-Defendant Sama Camp, LLC*